# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MAHTAUB MOORE, | ) |
| *Plaintiff,* | ) |
|  | ) |
| v. | ) |
|  | ) C.A. No. 1:23-cv-00988 (GBW) |
| CURTIS MELVIN, JONATHON R. | ) |
| MOORE, MARGARET C. MELVIN, | ) |
| LUCIA M. MOORE, JOHN AND | ) |
| JANE DOES 1-10, | ) |
| *Defendants.* | ) |
|  | ) |

## DEFENDANTS' OPENING BRIEF
## IN SUPPORT OF THEIR MOTION TO DISMISS

**HALLORAN FARKAS + KITTILA LLP**

Theodore A. Kittila (No. 3963)
William E. Green, Jr. (No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone: (302) 257-2025
Fax: (302) 257-2019
Email: tk@hfk.law / wg@hfk.law

Dated: October 6, 2023

*Counsel for Defendants Curtis Melvin, Jonathon R. Moore, Margaret C. Moore, and Lucia M. Moore*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................ iii

PRELIMINARY STATEMENT ................................................................... 1

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS ......................... 2

SUMMARY OF THE ARGUMENT ............................................................. 3

STATEMENT OF FACTS ........................................................................ 3

LEGAL ARGUMENT ............................................................................. 6

I.    The Court Lacks Personal Jurisdiction Over Defendants
      Curtis, Margaret, Lucia, and Does 1-10 Under Rule 12(b)(2) ...................... 6

II.   The Complaint Must Be Dismissed Under Both
      Rules 9(b) and 8(a) of the Federal Rules of Civil Procedure ....................... 7

      A. Plaintiff Has Not Satisfied Rule 9(b) ............................................... 8

      B. Plaintiff Cannot Satisfy Rule 8(a)'s
         Notice Pleading Standards ........................................................... 10

III.  The Complaint Fails to State a Claim Upon Which Relief
      Can Be Granted Under Rule 12(b)(6) ................................................. 12

      A. Plaintiff Fails to State a RICO Claim ............................................. 13

         1. Plaintiff Cannot Establish
            the Existence of an Enterprise .................................................. 13

         2. Plaintiff Cannot Establish a
            Pattern of Racketeering Activity ............................................... 15

         3. Plaintiff Has Failed to
            Articulate a RICO Conspiracy .................................................. 16

B.  Plaintiff Fails to State a Claim for
Perjury and False Swearing ........................................................17

C.  Plaintiff Fails to State a Claim for
Fraudulent Misrepresentation or Common Law Fraud ...........................18

D.  Plaintiff Fails to State a Claim for Blackmail
and Extortion in Violation of 18 U.S.C. § 873 .........................................18

E.  The Complaint Should be Dismissed with Prejudice ..............................19

IV.  Plaintiff Lacks Article III Standing ...............................................................19

A. Plaintiff's General Allegations of Harm
Do Not Show Concrete Financial Loss ....................................................20

B. Defendants Have Not Proximately Harmed Plaintiff ..............................21

V.  The Court Should Decline to Exercise Supplementary Jurisdiction .............22

CONCLUSION ......................................................................................................22

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*A-Valey Engineers, Inc. v. Bd. of Chosen
    Freeholders of County of Camden*,
    106 F. Supp. 2d 711 (D.N.J. 2000) ................................................................ 17

*Adverio Pharma GmbH v. Alembic Pharms. Ltd.*,
    2019 WL 581618 (D. Del. Feb. 13, 2019) ..................................................... 10

*Aladdin Knowledge Sys. Ltd. v. Feitian Techs. Co.*,
    2006 WL 8432749 (D. Del. 2006) .................................................................... 6

*Anza v. Ideal Steel Supply Corp.*,
    547 U.S. 451 (2006) ....................................................................................... 21

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................*passim*

*Bachi-Reffitt v. Reffitt*,
    802 Fed. Appx. 913 (6th Cir. 2020) ................................................................. 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................*passim*

*Brokerage Concepts, Inc. v. U.S. Healthcare, Inc.*,
    140 F.3d 494 (3d Cir. 1998) .......................................................................... 20

*In re Burlington Coat Factory Secs. Litig.*,
    114 F.3d 1410 (3d Cir. 1997) ...................................................................... 4, 8

*Byrnes v. DeBolt Transfer, Inc.*,
    741 F.2d 620 (3d Cir. 1984) ............................................................................ 9

*Cavi v. Evolving Systems NC, Inc.*,
    2018 WL 2372673 (D. Del. May 24, 2018) ..................................................... 9

*Craftmatic Sec. Litig. v. Kraftsow*,
    890 F.2d 628 (3d Cir. 1989) ............................................................................ 8

*Capogrosso v. Supreme Ct. of N.J.*,
    588 F.3d 180 (3d Cir. 2009) .......................................................................... 16

*Davit v. Davit*,
     173 Fed. Appx. 515 (7th Cir. 2006)...................................................................7

*DeMauro v. DeMauro*,
     115 F.3d 94 (1st Cir. 1997)...........................................................................7

*Desmond v. Lucks*,
     1988 WL 90500 (Del. Super. Aug. 19, 1988) ...............................................17

*ECB USA, Inc. v. Savencia, S.A.*,
     2020 WL 11762200 (D. Del. July 10, 2020)..................................................10

*Elkadrawy v. Vanguard Grp.*,
     584 F.3d 169 (3d Cir. 2009) ........................................................................22

*Evans v. Hepworth*,
     433 F.Supp.3d 1171 (N.D. Id. 2020)..............................................................7

*Frederico v. Home Depot*,
     507 F.3d 188 (3d Cir. 2007) ..........................................................................8

*Feingold v. Graff*,
     516 F. App'x 223 (3d Cir. 2013)....................................................................8

*Figueroa Ruiz v. Alegria*,
     896 F.2d 645 (lst Cir. 1990) ..........................................................................7

*Fowler v. UPMC Shadyside*,
     578 F.3d 203 (3d Cir. 2009) ........................................................................12

*Geness v. Cox*,
     902 F.3d 344 (3d Cir. 2018) ..........................................................................5

*In re Great Atl. & Pac. Tea Co. Sec. Litig.*,
     103 F. App'x 465 (3d Cir. 2004)....................................................................8

*Great Northern Insurance Company v. Whipple-Allen Real Estate*,
     2018 WL 3618689 (W.D. Pa. Jul. 30, 2018)...................................................5

*Grubbs v. Univ. of Del. Police Dep't*,
     174 F. Supp. 3d 839 (D. Del. 2016) .............................................................22

*H.J. Inc. v. Nw. Bell Tel. Co.*,
    492 U.S. 229 (1989) ................................................................................15

*Hughes v. Consol–Penn. Coal Co.*,
    945 F.2d 594 (3d Cir. 1991) ...................................................................20

*Humana, Inc. v. Indivior, Inc.*,
    2022 WL 17718342 (3d Cir. Dec. 15, 2022) ...........................................9

*In re Ins. Brokerage Antitrust Litig.*,
    618 F.3d 300 (3d Cir. 2010) ..............................................................14, 15

*Jablonski v. Pan Am. World Airways, Inc.*,
    863 F.2d 289 (3d Cir. 1988) ...................................................................19

*Joint Stock Soc. Trade House of Descendants*
    *of Peter Smirnoff v. Heublein, Inc.*,
    936 F. Supp. 177 (D. Del. 1996) ..............................................................6

*Kolar v. Preferred Real Estate Investments, Inc.*,
    361 Fed. App'x. 354 (3d Cir. 2010) .......................................................20

*Kehr Packages, Inc. v. Fidelcor, Inc.*,
    926 F.2d 1406 (3d Cir. 1991) ............................................................15, 16

*Kingfly Spirits, LLC v. Ragghianti*,
    2023 WL 6214262 (W.D. Pa. Sept. 25, 2023) ........................................14

*Linda R.S. v. Richard D.*,
    410 U.S. 614 (1973) ................................................................................17

*Lightning Lube, Inc. v. Witco Corp.*,
    4 F.3d 1153 (3d Cir. 1993) .....................................................................16

*Lum v. Bank of America*,
    361 F.3d 217 (3d Cir. 2004) .....................................................................9

*Macauley v. Estate of Nicholas*,
    7. F.Supp.3d 468 (E.D. Pa. 2014) ..........................................................21

*Maio v. Aetna, Inc.*,
    221 F.3d 472 (3d Cir. 2000) ...................................................................20

*Mala v. Crown Bay Marina, Inc.*,
  704 F.3d 239 (3d Cir. 2013) ........................................................................12

*McTernan v. City of York*,
  577 F.3d 521 (3d Cir. 2009) ..........................................................................4

*Miranda v. Ponce Fed. Bank*,
  948 F.2d 41 (1st Cir. 1991)............................................................................7

*Purpura v. Bushkin, Gaimes, Gains, Jonas & Stream*,
  317 Fed. Appx. 263 (3d. Cir. 2009) ...............................................................7

*Rader v. ShareBuilder Corp.*,
  772 F.Supp.2d 599 (D. Del. 2011) ...............................................................18

*Rosner v. Rosner*,
  766 F.Supp.2d 422 (E.D.N.Y. 2011) ..............................................................7

*Sedima, S.P.R.L. v. Imrex Co., Inc.*,
  473 U.S. 479 (1985).................................................................................13, 21

*Shaikh v. Germadnig*,
  2023 WL 4534127 (D.N.J. 2023) ..............................................................7, 11

*Smith v. Lynn*,
  809 F. App'x 115 (3d Cir. 2020) ....................................................................4

*Thakar v. Tan*,
  372 F. App'x 325 (3d Cir. 2010) ..................................................................12

*Travelers Indem. Co. v. Cephalon, Inc.*,
  620 F.App'x 82 (3d Cir. 2015) .....................................................................10

*Truinject Corp. v. Nestle Skin Health, S.A.*,
  2019 WL 6828984 (D. Del. Dec. 13, 2019) ...................................................6

*Turner v. J.P. Morgan Chase & Co.*,
  2015 WL 12826480 (D.N.J. Jan. 23, 2015)...................................................13

*U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*,
  812 F.3d 294 (3d Cir. 2016) ..........................................................................8

*United States v. Irizarry*,
    341 F.3d 273 (3d Cir. 2003 ............................................................................13

*Vichi v. Koninklijke Philips Elecs., N.V.*,
    85 A.3d 725 (Del. Ch. 2014) ........................................................................18

*In re Westinghouse Sec. Litig.*,
    90 F.3d 696 (3d Cir.1996) ..............................................................................9

*Yucaipa American Alliance Fund I, L.P. v. Ehrlich*,
    204 F.Supp.3d 765 (D. Del. 2016) ........................................................*passim*

*Zareas v. Bared-San Martin*,
    209 Fed. Appx. 1 (1st Cir. 2006) ....................................................................7

*Zuniga v. Am. Home Mortgage*,
    2016 WL 6647932 (D.N.J. Nov. 8, 2016) .......................................................9

## **Statutes and Rules**

U.S. Const. art. III, § 1, *et seq* ...........................................................................19

11 *Del. C.* §§ 1221-1223 ....................................................................................17

18 U.S.C. § 873 ............................................................................................*passim*

18 U.S.C. § 1343 ................................................................................................15

18 U.S.C. § 1962 ........................................................................................*passim*

18 U.S.C. § 1964 ........................................................................................*passim*

18 U.S.C. § 3575 ................................................................................................15

28 U.S.C. § 1367 ................................................................................................22

Fed. R. Civ. P. 8 .......................................................................................*passim*

Fed. R. Civ. P. 9 .......................................................................................*passim*

Fed. R. Civ. P. 12 .....................................................................................*passim*

Defendants Curtis Melvin ("Curtis"), Jonathon R. Moore ("Jonathon"), Margaret C. Moore ("Margaret"),[1] Lucia M Moore ("Lucia"), and John and Jane Does 1-10 (the "Does 1-10") (collectively, "Defendants"),[2] through their undersigned counsel, hereby submit this Opening Brief in support of Defendants' Motion to Dismiss (the "Motion to Dismiss") the Complaint (the "Complaint" or "Compl.") filed by Plaintiff Mahtaub Moore ("Plaintiff"). D.I. 1. For the reasons stated herein, the Complaint should be dismissed with prejudice.

## PRELIMINARY STATEMENT

Plaintiff's Complaint is a word salad of outlandish claims. Despite its prolixity, Plaintiff omits that she and her husband Jonathon are currently involved in a contentious divorce proceeding pending in the Delaware Family Court. In short, this litigation is a transparent attempt to gain leverage over Jonathon in the divorce by lodging wild allegations of wrongdoing against himself, his son-in-law Curtis, and his daughters, Margaret and Lucia.

The Complaint must be dismissed. First, Plaintiff cannot establish personal jurisdiction over Curtis, Margaret, or Lucia. None have any contacts with the State

---

[1] Margaret's last name is misidentified in the Complaint.

[2] Because several parties share the same surnames, first names are used for clarity. No disrespect is intended.

of Delaware, and any claims against them (to the degree that they can be deciphered from the Complaint) relate to conduct outside of Delaware.

Additionally, the Complaint falls dispositively short of pleading a case, much less meeting the heightened pleading standard for causes of action sounding in fraud under F.R.C.P. ("Rule") 9(b) and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The allegations are a "strike suit" calculated to leverage Jonathon into a settlement in excess of the benefits to which Plaintiff may be entitled.

Plaintiff cannot establish Article III standing, much less articulate *prima facie* cases of perjury and false swearing; fraudulent misrepresentation; common law fraud; or blackmail and extortion. Plaintiff is simply unable to plead a plausible claim under *Twombly*—because she has no plausible claims.

For the reasons stated herein, the Complaint should be dismissed with prejudice.

## <u>STATEMENT OF NATURE AND STAGE OF PROCEEDINGS</u>

Plaintiff filed the *pro se* Complaint on September 7, 2023, asserting various causes of action, none of which are supported by concrete facts, including (1) RICO 18 U.S.C. § 1964(c) against all Defendants (Compl. ¶¶ 45-48); (2) RICO Participation 18 U.S.C. §§ 1964(c), 1962(c) (*id.* ¶¶ 49-73); (3) "Violation of 18 U.S.C. § 1962(a)" (*id.* ¶¶ 74-83); (4) Perjury and false swearing with respect to tax

filings against Jonathon and Does 1-10 (*id.* ¶¶ 80-82); (5) Conspiracy to violate RICO pursuant to 18 U.S.C. § 1962(d) against all Defendants (*id.* ¶¶ 89-98); (6) Fraudulent misrepresentation against Jonathon and Does 1-10 (*id.* ¶¶ 99-104); (7) Common law fraud against all Defendants (*id.* ¶¶ 105-107); and (8) Blackmail and extortion in violation of 18 U.S.C. § 873 against all Defendants (*id.* ¶ 108).

On September 27, 2023, Plaintiff filed a return of service on Curtis.  D.I. 5. Plaintiff has not served any other Defendant and has not requested Defendants waive service of process.

## SUMMARY OF THE ARGUMENT

The Complaint should be dismissed for:

(1)     lack of personal jurisdiction over Defendants Curtis, Margaret, Lucia, and Does 1-10;

(2)     failure to satisfy Rules 9(b) and 8(a);

(3)     failure to state a claim under Rule 12(b)(6); and

(4)     because Plaintiff lacks standing.

Additionally, the Court should decline Federal Supplemental Jurisdiction over the state law claims.

## STATEMENT OF FACTS

Plaintiff coyly omits that she is party to divorce proceedings initiated by Jonathon on August 10, 2023, in the Delaware Family Court, captioned *Jonathon Moore v. Mahtaub Moore*, File No.: CN23-03101; Petition No.: 23-17019 (Del.

3

Fam. Ct.) (the "Divorce Proceeding").[3]  The division of property in the event of divorce is governed by a pre-marital agreement between Plaintiff and Jonathon (the "Pre-Marital Agreement").[4]

Plaintiff and Jonathon were married on October 6, 2016.  Compl. ¶ 27. Defendants Margaret and Lucia are Jonathon's children from his prior marriage, and Defendant Curtis is Margaret's husband.  *Id*.  Plaintiff asserts that "[d]uring the months leading up to the marriage [Jonathon's] children and son-in-law, collectively Defendant's [*sic*] engaged in intimidation, blackmail, extortion, and fraud to prevent the marriage and to prevent Plaintiff's bequeath of almost $5,000,000 in assets."  *Id*. By the Complaint's own admission, the purported "intimidation, blackmail, extortion, and fraud" did not prevent the marriage.  The reference to "Plaintiff's bequeath" appears to be an oblique and ungrammatical reference to the Premarital Agreement.  *Id.*  Any rights and remedies arising out of the marriage or the

---

[3] *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (court permitted to review matters of public record and take judicial notice of a prior court opinion); *Smith v. Lynn*, 809 F. App'x 115, 117 (3d Cir. 2020) (court properly relied on decisions from divorce proceedings in deciding plaintiff's motion to dismiss).

[4] The Court may consider any "document integral to or explicitly relied upon in the complaint."  *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation and quotations omitted).

4

Premarital Agreement are under the jurisdiction of the Delaware Family Court in the Divorce Proceeding.[5]

Although the Court assumes the factual allegations as true and construes them in the light most favorable to the non-moving party,[6] the Court may identify pleadings that are not entitled to the assumption of truth because they are legal conclusions.[7]  The Complaint is rife with legal conclusions framed as facts.  It is difficult, if not impossible, to reconstruct a coherent timeline or any causal connection between any events and any specific harm suffered by Plaintiff.

Plaintiff identifies no harm to assets or property that is actually titled in her name.  Plaintiff does not specify *how* Defendants interfered with her finances, committed tax fraud[8] that injured her, defrauded her, blackmailed her, or harassed her.  Compl. ¶¶ 3-7.  There are no plausible allegations of a conspiracy.  No specific allegations are lodged against Margaret and Lucia.

---

[5] Plaintiff's "beneficiary inheritance" is also at issue in the Divorce Proceeding.  *See* Compl. ¶ 2; ¶¶ 38-44 (referencing Plaintiff's "beneficiary interest").

[6] *See Geness v. Cox*, 902 F.3d 344, 353-54 (3d Cir. 2018).

[7] *Great Northern Insurance Company v. Whipple-Allen Real Estate*, 2018 WL 3618689, at *2 (W.D. Pa. Jul. 30, 2018) (discussing Rule 8(a)(2) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

[8] Compl. ¶¶ 53, 81, 82.

## LEGAL ARGUMENT

### I. THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS CURTIS, MARGARET, LUCIA, AND DOES 1-10 UNDER RULE 12(b)(2).

"Once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Truinject Corp. v. Nestle Skin Health, S.A.*, 2019 WL 6828984, at *7 (D. Del. Dec. 13, 2019) (quotation omitted). "To meet this burden, [the plaintiff] must adduce facts which establish with reasonable particularity that jurisdiction over [the defendant] exists." *Aladdin Knowledge Sys. Ltd. v. Feitian Techs. Co.*, 2006 WL 8432749, at *3 (D. Del. 2006) (internal quotation and citations omitted). The Court need not allow jurisdictional discovery when the allegations of personal jurisdiction are clearly frivolous. *Joint Stock Soc. Trade House of Descendants of Peter Smirnoff v. Heublein, Inc.*, 936 F. Supp. 177, 192 (D. Del. 1996) (citations omitted).

Any claim by Plaintiff that this Court has personal jurisdiction over any party other than Jonathon is frivolous. Plaintiff admits that Defendants Curtis and Margaret are residents of Virginia. Compl. ¶¶ 9, 11. Curtis and Margaret live more than 100 miles away from the Federal Courthouse in Wilmington, as evidenced by Plaintiff's service of Curtis at an address in Arlington, Virginia (*see* D.I. 5). Even the Federal Court's bulge jurisdiction cannot save the claims. Lucia is a resident of California. Compl. ¶ 12. The citizenship of Does 1-10 is unknown. Importantly,

however, Plaintiff has not alleged that these non-Delaware citizens took or directed any act toward Delaware or that they otherwise have any contact with Delaware. Defendants Curtis, Margaret, Lucia, and Does 1-10 should be dismissed for lack of personal jurisdiction.

## II.   THE COMPLAINT MUST BE DISMISSED UNDER BOTH RULES 9(b) AND 8(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Sadly, the tactical filing of Federal RICO claims is not uncommon where spouses are seeking divorce in a separate state court proceeding.[9]  "Civil RICO is an unusually potent weapon—the litigation equivalent of a thermonuclear device." *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991).  Plaintiff knows that Jonathon is a practicing lawyer and Curtis has a government job—meaning that RICO and fraud claims against them will have an adverse effect.  The "mere assertion of a RICO claim ... has an almost inevitable stigmatizing effect on those named as defendants ... and courts should strive to flush out frivolous RICO allegations at an early stage of the litigation."  *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (lst Cir. 1990).  The Court should do so here and recognize the Complaint

---

[9] Such RICO cases rarely survive dispositive motions.  *E.g.*, *Purpura v. Bushkin, Gaimes, Gains, Jonas & Stream*, 317 Fed. Appx. 263 (3d. Cir. 2009); *Zareas v. Bared-San Martin*, 209 Fed. Appx. 1 (1st Cir. 2006); *DeMauro v. DeMauro*, 115 F.3d 94 (1st Cir. 1997); *Bachi-Reffitt v. Reffitt*, 802 Fed. Appx. 913 (6th Cir. 2020); *Davit v. Davit*, 173 Fed. Appx. 515 (7th Cir. 2006); *Shaikh v. Germadnig*, 2023 WL 4534127 (D.N.J. 2023); *Evans v. Hepworth*, 433 F.Supp.3d 1171 (N.D. Id. 2020); *Rosner v. Rosner*, 766 F.Supp.2d 422 (E.D.N.Y. 2011).

for what it is:  a meritless attempt at character assassination to gain leverage in the Divorce Proceeding.

## A. **Plaintiff Has Not Satisfied Rule 9(b).**

Rule 9(b) provides that "[i]n alleging fraud … a party must state with particularity the circumstances constituting fraud[.]"  The Third Circuit has made clear that a plaintiff cannot simply claim "fraud" without stating the "who, what, where, when, and how."  *In re Great Atl. & Pac. Tea Co. Sec. Litig.*, 103 F. App'x 465, 469-70 (3d Cir. 2004) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1422 (3d Cir. 1997)); *see also, U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016); *Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) ("[T]he plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation") (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)).

Rule 9(b)'s heightened pleading standard "ensure[s] that defendants are placed on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of fraud."  *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989) (citations and quotations omitted).

The need for Rule 9(b) safeguards is pertinent here.  Plaintiff baldly—and falsely—accuses her soon-to-be ex-husband and his family of perpetuating a "tax

avoidance scheme"[10] and other "fraud" but provides no specifics and identifies no particularized harm to herself.  The Complaint fails to identify the when, where, how, and what that was communicated in any alleged misrepresentation or fraud. The allegations are conclusory *ad hominem* attacks that do not meet the heightened standard of Rule 9.

Rule 9(b) applies to all claims sounding in fraud.[11]  This heightened pleading requirement applies to the RICO claims,[12] as well as the charges of "perjury and false swearing," common law fraud, fraudulent misrepresentation, and the various references in the Complaint to "unjust enrichment."[13]  Here, the unjust enrichment

---

[10] Complt. ¶¶ 4, 27, 32, 43, 61, 63, 67, 68, 108.

[11] *See Iqbal*, 556 U.S. at 686.

[12] *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004) ("Where, as here, plaintiffs rely on mail and wire fraud as a basis for a RICO violation, the allegations of fraud must comply with Federal Rule of Civil Procedure 9(b)"), *abrogation on other grounds recognized by Humana, Inc. v. Indivior, Inc*., 2022 WL 17718342 (3d Cir. Dec. 15, 2022).

[13] *See e.g.*, *Byrnes v. DeBolt Transfer, Inc.*, 741 F.2d 620, 626 (3d Cir. 1984) ("We agree, of course, that fraud, and thus fraudulent concealment, must be pleaded with particularity."); *Cavi v. Evolving Systems NC, Inc.*, 2018 WL 2372673, at *2 (D. Del. May 24, 2018) ("The heightened pleading standard required by Rule 9(b) extends to claims of negligent misrepresentation and unjust enrichment that 'sound in fraud.'") (citing *Zuniga v. Am. Home Mortgage*, 2016 WL 6647932, at *2-3 (D.N.J. Nov. 8, 2016)); *Travelers Indem. Co. v. Cephalon, Inc.*, 620 F.App'x 82, 86 & n.3 (3d Cir. 2015) (affirming dismissal of unjust enrichment claim sounding in fraud) (quoting *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 717 (3d Cir. 1996)).

allegations sound in fraud[14] and must be dismissed because they are not pled with particularity.

### B. <u>Plaintiff Cannot Satisfy Rule 8(a)'s Notice Pleading Standards</u>.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Even this lenient "notice pleading" standard, however, is not satisfied when the Plaintiff's allegations merely "lump" defendants together without delineating what the defendants "are said to have done individually." *ECB USA, Inc. v. Savencia, S.A.*, 2020 WL 11762200, at *22 (D. Del. July 10, 2020); *see also*, *Adverio Pharma GmbH v. Alembic Pharms. Ltd.*, 2019 WL 581618, at *6 (D. Del. Feb. 13, 2019) ("[A]llegations lumping multiple defendants together without providing allegations of individual conduct are … insufficient to satisfy the notice pleading standard.").

Rather than identify the conduct of each Defendant, the Complaint improperly lumps all Defendants together as a group and asserts general common factual allegations against all of them. Because Plaintiff does not specify which Defendants are responsible for which conduct, it is impossible to untangle the theories of liability against each individual Defendant. No specific conduct is attributed to Defendants

---

[14] *See* Compl. ¶¶ 2, 4, 6, 32, 44, 64, 68, 73, 100, 107.

Margaret and Lucia or Does 1-10.  Plaintiff provides *no allegations* other than

conclusory statements that Margaret and Lucia:

- "participated in the activities and knowingly allowed database technically [*sic*] to be illegally held and used by defendants as well as conspired to commit fraud, misrepresentation, blackmail and extortion as specified in this complaint including conspiracy" (Compl. at ¶ 13);

- "purposefully directed actions at this forum to obtain conspire, organize, defraud, and extort Plaintiff" (*id*. ¶¶ 20, 22); and

- "knowingly and willfully concealed from the public, the Federal Bureau of Investigation and the Federal Trade Commission, the Internal Revenue Service, and Plaintiff the unlawfulness of their conduct, which was committed at the instruction of, and through the directions of, Curtis Melvin, Margaret Melvin, Lucia Moore, and Jonathon Moore in furtherance of the conspiracy to defraud Plaintiff and the named government agencies" (*id.* ¶ 70).

In conclusory fashion, the Complaint also alleges that Margaret and Lucia were

somehow involved in the RICO allegations and fraudulent misrepresentation.[15]

This "lumping" tactic is legally impermissible. Otherwise, plaintiffs could

state a claim against one defendant, and then "lump in" additional defendants

without substantiating the claims against them, as Plaintiff has done here.  The

Complaint should be dismissed for failing to comply with Rule 8.  *See Shaikh*, 2023

WL 4534127, at *14 (granting motion to dismiss RICO case following divorce,

---

[15] *Id.* ¶¶ 46; 52-73; 76-83; 91-98; 100.

where complaint failed to identify which defendants engaged in which specific conduct).

Separate and apart from the failure to satisfy the heightened pleading standards under Rule 9(b), the Complaint must be dismissed under Rule 8(a).

## III. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER RULE 12(b)(6).

"[A] litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [she] proceeds *pro se*." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Even a *pro se* plaintiff must "allege sufficient facts in [the] complaint[ ] to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Defendants haled into court by a *pro se* plaintiff still need "fair notice" of the claims they will be expected to answer. *Twombly*, 550 U.S. at 555 .

In evaluating a complaint, Courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Mere restatements of the elements of a claim are legal conclusions, and therefore, are inadequate to survive dismissal. *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 555). Even if plausibly pled, a complaint must be dismissed if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, 2015 WL 12826480, at *2

12

(D.N.J. Jan. 23, 2015).  In short, "[a] complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  *Fowler*, 578 F.3d at 211 (citing *Iqbal*, 556 U.S. at 678–79).

As discussed below, however, Plaintiff has not, and cannot, plead the elements of her claims.

**A. <u>Plaintiff Fails to State a RICO Claim</u>.**

Assuming that Plaintiff satisfies the RICO standing requirements—which she cannot (*see* Discussion, *infra*)—she must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985).

**1.  Plaintiff Cannot Establish the Existence of an Enterprise.**

The existence of an enterprise requires that there be "some sort of framework for making or carrying out decisions."  *United States v. Irizarry*, 341 F.3d 273, 286 (3d Cir. 2003).  For RICO pleading purposes involving an association-in-fact enterprise, "simply identifying the allegedly associated components does not serve to put defendants on notice of the RICO claim alleged against them—just as merely listing the names of alleged conspirators would not give defendants adequate notice of an alleged conspiracy."  *Id*.  A RICO claim without this level of specificity would subject defendants to an "inevitably costly and protracted discovery phase" even in the absence of a viable claim.  *Id*.

To plead an association-in-fact enterprise, Plaintiffs must plausibly allege "the existence of an enterprise structure," *i.e.*, "something more than the fact that individuals were all engaged in the same type of illicit conduct during the same time period." *In re Ins. Brokerage Antitrust Litig*., 618 F.3d 300, 370 (3d Cir. 2010) (quotation omitted). Otherwise, RICO's "allowance for association-in-fact enterprises becomes an open gateway to the imposition of potentially massive costs on numerous defendants, regardless of whether there is even a hint of the collaboration necessary to trigger liability." *Id*.

Plaintiff fails to allege an association-in-fact enterprise. Although the Complaint contains *ad nauseam* assertions of legal conclusion masquerading as fact, there are no plausible allegations that Defendants acted together as a RICO "enterprise."[16] Plaintiff makes no plausible allegations of any structure to the alleged "enterprise." *See, e.g.*, *Kingfly Spirits, LLC v. Ragghianti*, 2023 WL 6214262, at *3-4 (W.D. Pa. Sept. 25, 2023) (dismissing RICO counts where there were "no plausible allegations of a structure of *any kind*") (emphasis in original).

Plaintiff baldly—and falsely—alleges that Defendants agreed to:

- "conduct and participate in the conduct of the Plaintiffs marriage and financial affairs through a pattern of racketeering activity …" (Compl ¶ 60); and

---

[16] *See* Compl. ¶¶ 3, 6, 32, 34, 44, 50, 56, 57, 75 (quoting 18 U.S.C. §1962(a)), 78, 79, 92, 93, 94, 95, 96, 100(i).

- "use income from defrauding Plaintiff received directly from a pattern of racketeering activity to control, establish and operate their, [*sic*] which was engaged in and affected interstate commerce, [*sic*] including fraud as defined by 18 U.S.C. § 1343, and for the unlawful purpose of intentionally defrauding Plaintiff' (¶ 80).

These conclusory statements do not adequately allege a RICO enterprise. *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d at 326 (dismissing RICO complaint containing "conclusory averments" that defendants "all agreed with [one member] and agreed horizontally among themselves" to carry out the enterprise's goals); *Twombly*, 550 U.S. at 556-57 ("a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.").

## 2.  Plaintiff Cannot Establish a Pattern of Racketeering Activity.

Plaintiff's must plead that Defendants engaged in a "pattern of racketeering activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 232-33 (1989).  This element contains two prongs.  First, she must show that the predicate crimes are "related"— that is, that the crimes have "similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics…." *Id*. at 240 (quoting 18 U.S.C. § 3575).  Second, she must show that the criminal conduct is "continuous"—that it "amount[s] to or threaten[s] long-term criminal activity."  *Id*. at 243 n. 4; *see also Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1412 (3d Cir. 1991).

15

None of the allegations in the Complaint constitute predicate crimes.  There can be no RICO continuity.  *See id.* at 1414 (holding that the RICO-continuity analysis of an allegedly fraudulent scheme must focus on "the instances of deceit constituting the underlying fraudulent scheme").

### 3.  Plaintiff Has Failed to Articulate a RICO Conspiracy.

A conspiracy claim "must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal."  *Capogrosso v. Supreme Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (*per curiam*).  Although "the existence of a conspiracy must usually be inferred from the circumstances … allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action."  *Id.*

A RICO conspiracy necessarily relies on an underlying substantive RICO claim.  *See* § 1962(d).  Accordingly, the conspiracy claim must be dismissed because "[a]ny claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient."  *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993).  Even assuming that Plaintiff has a viable RICO claim—which she does not—the Complaint provides no details of the purported conspiracy beyond mere

conclusory assertions.[17]  A "general allegation of conspiracy without a statement of facts [is] an allegation of legal conclusion and insufficient to state a cause of action." *A-Valey Engineers, Inc. v. Bd. of Chosen Freeholders of County of Camden*, 106 F. Supp. 2d 711, 718 (D.N.J. 2000) (quotation omitted).

Because Plaintiff fails to plead any of the elements of a RICO claim, those counts must be dismissed.

### B. Plaintiff Fails to State a Claim for Perjury and False Swearing.

Under Delaware law, perjury is a crime defined by statute.  *See* 11 *Del. C.* §§ 1221-1223.  A private individual does not have standing to demand the criminal prosecution of another individual, let alone standing to prosecute the individual himself.  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Delaware adheres to the general principle that, "[a] statute wholly penal in nature, of course, will not support a civil remedy."  *Desmond v. Lucks*, 1988 WL 90500, at *2 (Del. Super. Aug. 19, 1988).

Even if Plaintiff could overcome these obstacles, the Complaint does not identify any false statements made by Jonathon or any other Defendant (to include

---

[17] Compl. ¶¶ 1, 7, 13, 33, 37, 70, 94, 97, 98.

Does 1-10), and does not identify any concrete harm to Plaintiff.  The perjury and false swearing allegations must be dismissed.

### C. Plaintiff Fails to State a Claim for Fraudulent Misrepresentation or Common Law Fraud.

Under Delaware law, the elements of common law fraud and fraudulent misrepresentation are:

> (1) a false representation made by the defendant; (2) the defendant's knowledge or belief that the representation was false, or reckless indifference to the truth; (3) an intent to induce the plaintiff to act or to refrain from acting; (4) the plaintiff's action or inaction taken in justifiable reliance upon the representation; and (5) causally related damages to the plaintiff.

*Vichi v. Koninklijke Philips Elecs., N.V.*, 85 A.3d 725, 773 (Del. Ch. 2014).

Plaintiff does not satisfy any of these elements.  Plaintiff identifies no false statement, nor does she allege that any such statement was made with a belief that the representation was false.  Plaintiff has not alleged that Defendants intended to induce her to take any action, or that she took action in reliance thereon.  Plaintiff has identified no damages causally related to any acts or statements by Defendants. These counts must be dismissed.

### D. Plaintiff Fails to State a Claim for Blackmail and Extortion in Violation of 18 U.S.C. § 873.

Count IV must be dismissed because blackmail and extortion are crimes, not civil causes of action.  *E.g. Rader v. ShareBuilder Corp.*, 772 F.Supp.2d 599, 606 (D. Del. 2011).  Blackmail, as defined under 18 U.S.C. § 873, is a crime that does

18

not provide a private cause of action.  As stated above with respect to false swearing, Plaintiff does not have standing or a civil remedy.

Moreover, Count IV fails to allege facts that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The assertion that communications attendant to Jonathon's divorce filing constitute extortion or blackmail is not "plausible on its face." *Id*. at 570.  This count must be dismissed.

### E. The Complaint Should be Dismissed with Prejudice.

The Complaint should be dismissed with prejudice because amendment would be futile. *Jablonski v. Pan Am. World Airways, Inc*., 863 F.2d 289, 292 (3d Cir. 1988) (holding that amendment is futile if it does "not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss").  Even if Plaintiff were able to overcome her standing deficiencies, she cannot cure the factual deficiencies, as facts simply do not exist supporting liability against Defendants.  The Complaint is simply an effort to gain leverage in or circumvent the Divorce Proceeding.  The Court should dismiss with prejudice.

## IV.   PLAINTIFF LACKS ARTICLE III STANDING.

To survive a motion to dismiss for lack of standing, Plaintiff must allege facts that affirmatively and plausibly suggest that she has standing to sue.  U.S. CONST. art. III, § 1, *et seq.*  Plaintiff has not adequately pled damages or proximate cause. She lacks standing for her claims.  *Id.*; *Yucaipa American Alliance Fund I, L.P. v.*

*Ehrlich*, 204 F.Supp.3d 765, 777 (D. Del. 2016).  Congress enacted the RICO statute to combat "long-term criminal conduct" and the "danger posed by organized crime-type offenses." *Hughes v. Consol–Penn. Coal Co*., 945 F.2d 594, 611 (3d Cir. 1991) (internal quotations and citations omitted).  Careful scrutiny of such claims is necessary because of the "relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it."  *Kolar v. Preferred Real Estate Investments, Inc*., 361 Fed. App'x. 354, 363 (3d Cir. 2010) (internal citations omitted).  "[C]ourts should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Yucaipa*, 204 F.Supp.3d at 775.

Courts assess RICO standing under § 1964(c).  *Brokerage Concepts, Inc. v. U.S. Healthcare, Inc.*, 140 F.3d 494, 520-21 (3d Cir. 1998).  RICO standing is limited to those persons "injured in [their] business or property by reason of a violation of § 1962[.]"  18 U.S.C. § 1964(c).  The "by reason of" language in § 1964(c) requires: "(1) that the plaintiff suffered an injury to business or property; and (2) that the plaintiff's injury was proximately caused by the defendant's violation of 18 U.S.C. § 1962." *Maio v. Aetna, Inc*., 221 F.3d 472, 482-83 (3d Cir. 2000).  Plaintiff has pled neither.

### A. Plaintiff's General Allegations of Harm Do Not Show Concrete Financial Loss.

Plaintiff must show a "concrete financial loss."  *Maio*, 221 F.3d at 483.  A complaint does not adequately plead a RICO violation unless it shows damage to

business or property with certainty; speculative injuries are not sufficient to support a RICO claim. *Id.* at 495.

Plaintiff seeks damages "in an amount not less than $5,000,000," but has not alleged a concrete financial loss sufficient to confer RICO standing. Compl. Prayer for Relief; s*ee, e.g.*, *Macauley v. Estate of Nicholas*, 7. F.Supp.3d 468, 479-80 (E.D. Pa. 2014) (holding alleged RICO violation creating liability for "hundreds of thousands of dollars" insufficient for RICO standing).

Here, Plaintiff's "injury"—potential loss of unidentified assets and beneficiary rights—will be resolved in the Divorce Proceeding. Because the alleged harm is predicated on the outcome of the Divorce Proceeding, it does not support a RICO claim. *See Yucaipa*, 204 F. Supp. 3d at 776 (citing *Maio*, 221 F.3d at 495). Plaintiff's abstract allegations of injuries do not confer RICO standing.

## B. Defendants Have Not Proximately Harmed Plaintiff.

To establish proximate cause, Plaintiff must plead sufficient facts to plausibly assert that "the alleged violation led directly to the plaintiff's injuries." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006). Plaintiff cannot establish proximate cause because she cannot connect any of her ambiguously-pled harms to Defendants' alleged conduct. *See Yucaipa*, 204 F. Supp. 3d at 778. *See also Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496-97 (1985); *Anza*, 547 U.S. at 461.

## V.   THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTARY JURISDICTION.

After dismissing the federal causes of action, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(c)(3); *Elkadrawy v. Vanguard Grp*., 584 F.3d 169, 174 (3d Cir. 2009); *Grubbs v. Univ. of Del. Police Dep't*, 174 F. Supp. 3d 839, 859 (D. Del. 2016) ("the court should ordinarily refrain from exercising jurisdiction in the absence of extraordinary circumstances" when all federal claims have been dismissed under Rule 12(b)(6)) (citations omitted).

## CONCLUSION

For the reasons stated, Defendants respectfully request that the Court dismiss the Complaint with prejudice.

Dated:  October 6, 2023

HALLORAN FARKAS + KITTILA LLP

*/s/ William E. Green, Jr.*
Theodore A. Kittila (No. 3963)
William E. Green, Jr. (No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware  19807
Phone:  (302) 257-2025
Fax:  (302) 257-2019
Email:  tk@hfk.law / wg@hfk.law

*Counsel for Defendants Curtis Melvin, Jonathon R. Moore, Margaret C. Moore, and Lucia M. Moore*

22