## THE UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF DELAWARE

MAHTAUB MOORE

      Plaintiff.

                                          Case No. 23-988

v.

CURTIS MELVIN, JONATHON R. MOORE,
MARGARET MELVIN, LUCIA MOORE, JOHN
AND JANE DOES 1-10.

      Defendants.


## MOTION TO DISQUALIFY WILLIAM GREEN, AND FIRM HALLORAN, FARKAS, & AS OPPOSING COUNSEL FOR DEFENDANTS AND VACATE DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

NOW COME, the Plaintiff, Mahtaub Moore and for its Motion to Disqualify William Green and

the firm Halloran, Farkas, et al and Motion to Vacate Defendants' Motion to Dismiss for Lack of

Personal Jurisdiction and Failure to State a Claim and states as follows:

### FACTUAL BACKGROUND

William Green, Ted Kittila, and other partners of the firm Halloran, Farkas, & over the

two years have been in negotiations with Defendant Jonathon Moore personally and his firm

Ingomar Fiduciary Services, Inc. ("Ingomar") for a partnership, merger, and alternatively the

complete operations of this business and will be called as important and necessary witness to

describe the business structure of Ingomar associates as part of the Melvin/Moore Family

Enterprise as alleged in Plaintiff's complaint whereby corporate structures and organizational layering have been used for causing harm to Plaintiff tax avoidance, fraud, and circumventing required disclosures of beneficiary owners required by banks based on federal laws pertaining to the Patriot Act. More ominously, Green, Kittila and Halloran, et al., after Plaintiff sent Defendants a demand letter in July 2023, did not disclose they would be representing Defendants and sought to remove key evidence critical to Plaintiff by scheming to gain access to Plaintiff's home  presence at her home describing the visit as a measurement for Defendant's office move on August 17, 2023 at 1 Wood Road, Wilmington, DE 19806.  During that period, key and vital documents and evidence pertaining to this case were removed by Green at the behest of Kittila, and Halloran Farkas, et al.  Those documents included account numbers, corporate structures, PNC bank accounts, and other information which additionally will prove Plaintiff's case. The removal of these documents and the lack of disclosure to Plaintiff they were secretly in negotiations to represent Defendant's is the height of dishonest and corrupt.  Mr. Green, Mr. Kittila, and the firm Halloran Farkas, et al. should be immediately disqualified as counsel for Defendants based on the Lawyer as Witness rule without a hearing required by the local rules.

I.      **Mr. Green's appearance as Opposing Counsel for Defendants violates the Lawyer as Witness Rule under the Model Rules of Professional Conduct.**

Model Rule 3.7 Lawyer as Witness, also known as the advocate witness rule, states:

> (a) A lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness unless:
> (1) The testimony relates to an uncontested issue;
>
> (2) The testimony relates to the nature and value of legal services
>
>    rendered in the case; or

(3) Disqualification of the lawyer would work substantial hardship on the client.

"The lawyer as witness rule protects the integrity of the advocate's role as an independent and Objective proponent of rational argument and preserves the distinction between advocacy and testimony." *Cannon Airways, Inc. v. Franklin Holdings Corp., 669 F. Supp. 96, 99* (D. Del. 1987). (citing official comment to Rule 3.7). Here the advocate witness rule disqualifies Mr. Green, or any members of the Halloran, Farkas, et al. firm from acting as counsel for Defendants at trial. "The Court has the inherent authority to supervise the professional conduct of attorneys appearing before it, including the power to disqualify an attorney from a representation." *Princeton Digital Image Corp. v. Off. Depot Inc.*, No. CV 13-239LPS, 2017 WL 3573812, at *1 (D. Del. Aug. 17, 2017) (citing *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980). Attorney conduct is governed by ethical standards of the court before which the attorney appears. *Id* (citing in re *Corn Derivates Antitrust Litig.*, 748 F.2d 157, 160 (3d Cir. 1984)). As noted above, the District of Delaware adopted these Model Rules, including Model Rule 3.7(a). The Princeton Digital Image court, applying Model Rule 3.7(a), disqualified trial counsel because he was likely to be a necessary witness and did not fall into one of the exceptions of Rule 3.7(a). Id. The court noted the attorney's "personal knowledge of relevant facts" that were relevant and necessary if not vital to the cause of action and knowledge that other witnesses did not have and exclusive to Mr. Green, Kittila, and Halloran Farkas, et al. *Id*. Further, *Twin Spans Business Park, LLC v. Cincinnati Insurance Co,* No. 19-476-SB-SRF the court held that disqualification is required of counsel if there is a likelihood to be called as a witness or where "knowledge bear on the issues central to the case."

The same rule and rationale are applicable here, where Mr. Green, and partners of the Halloran, Farkas, et al. firm, have authority and knowledge no other witnesses possess

3

concerning the corporate organizational structures, tax structures, opening of bank accounts,

foreign clients and foreign heads of state as Plaintiff alleges in the causes of action circumvent

U.S. banking rules, the process of layering organizational companies, and other very specific

knowledge not just relevant but imperative, which damages for causes of action Plaintiff seeks to

recover in this lawsuit. Other witnesses report directly to him, and he can corroborate or contract

any testimony. Mr. Green specifically oversaw the removal of documents from Plaintiff's home

without her permission and disguised as a measurement of furniture visit. Mr. Green and the firm

have personal knowledge of the Plaintiff's basis for Defendant's fraud, inducement, and other

actions as specifically stated in the causes of action. Mr. Green and his firm also have deep

personal knowledge of the contents of the evidence removed from Plaintiff's home under the

guise of assisting Defendant Moore and without her knowledge they were already agreeing to be

counsel for Defendants and were obstructing the court process by removing evidence and have

acted in bad faith. And, as explained by the Rule 3.7(a) commentary and cases from this district,

there are always concerns about confusing the jury if an attorney acts as both witness and

advocate at trial. See American Bar Association, Rule 3.7 Lawyer as Witness Comment,

https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_pr

ofessional_conduct/rule_3_7_lawyer_as_witness/ (accessed October 16, 2023); *Princeton

Digital Image*, 2017 WL 3573812 at *1 n.4 (D. Del. Aug. 17, 2017) ("Mr. O'Kelly's dual role

will only serve to confuse or mislead the jurors who, unlike a judge, may find it difficult to

distinguish between the role of a fact witness and the role of counsel….Even if Mr. O'Kelly does

not testify, it is too prejudicial for him to serve as an advocate while his name and representation

is that of Defendants and it will be assessed by the jury as party admissions."); *Roberts v.

Bayhealth Med. Tr., Inc.,* No. CV 13-1779-LPS, 2015 WL 5031961, at *7 (D. Del. Aug. 25,

4

2015) (citing the possibility of jury confusion an unfair prejudice to opposing party as grounds for prohibiting attorney to "simultaneously seem to serve as counsel and witness.").

In addition, none of the exceptions listed in Rule 3.7(a) apply here. Defendants does not anticipate that Mr. Green's testimony will relate to any uncontested issues. Defendants also do not anticipate that Mr. Green's testimony will be for the value of legal services rendered by Plaintiff. Lastly, disqualification of Mr. Green and Halloran, Farkas, et al. creates no hardship on Defendants except as an inconvenience. This litigation is new, and Plaintiff respectfully submits this Motion to Disqualify before the case continues with motions, discovery and depositions. Plaintiff submits to this court an agreement regarding the Motion to Disqualify Opposing counsel was proffered and Plaintiff did not receive a return call or email from Mr. Green or his firm to settle this matter prior to Plaintiff filing this motion. Disqualifying Mr. Green and his firm as Defendant's counsel and revoking his appearance filed October 6, 2023 will return the parties to the a proper level and permit the case to continue in its natural course.

## CONCLUSION

Mr. Green and his firm Halloran, Farkas, et al should have never made appearance in this case. His appearance violates Model Rule 3.7(a). This Court should disqualify him from serving as Defendants' counsel and accordingly, Plaintiff requests the following relief from the Court:

1. Vacate the docket text order entered on October 6, 2023 making his appearance for Defendants in this case.

2. Strike Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Failing to Stating a Claim as Mr. Green knew with his deep knowledge of the facts and causes of actions in Plaintiff's complaint and underhanded actions by removing evidence

5

from Plaintiff's home he and the firm would be called as a witness.

## CERTIFICATAION PURSUANT TO D. DEL. LR 7.1.1

The undersigned Plaintiff certifies that the parties made a reasonable effort to resolve the disputes set forth in the foregoing motion, including oral communication that involved Delaware counsel for parties, Plaintiff acting *Pro Se*, and that the parties were unable to reach agreement on the relief sought.

Respectfully submitted,

Mahtaub Moore, *Pro se*
Plaintiff
1 Wood Road
Wilmington, DE 19806
703-946-3704
M22strategies@gmail.com

Dated: October 16, 2023

6