# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAHTAUB MOORE,<br>*Plaintiff*,<br>v.<br>CURTIS MELVIN, JONATHON R. MOORE, MARGARET C. MOORE, LUCIA M. MOORE, JOHN AND JANE DOES 1-10,<br>*Defendants*. | C.A. No. 1:23-cv-00988 (GBW) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY AND STIKE

Defendants Curtis Melvin, Jonathon R. Moore, Margaret C. Moore, and Lucia M. Moore ("Defendants") hereby oppose Plaintiff's October 17, 2023 motion to disqualify defense counsel and strike Defendant's motion to dismiss ("Plaintiff's Motion," D.I. 9) for the reasons below.

## INTRODUCTION

Plaintiff has engaged in a harassment campaign against Defendant Jonathon Moore ("Mr. Moore") ever since he filed for divorce from Plaintiff in the Delaware Family Court. After Defendants' motion to dismiss was filed in this action,[1] Plaintiff expanded her campaign to include Halloran Farkas + Kittila LLP ("HFK"). Plaintiff

---

[1] D.I. 7-8.

has sent bizarre and incoherent emails threatening to: call HFK attorneys as witnesses,[2] publicize the names of certain clients of Mr. Moore (and perhaps HFK);[3] meet with, and presumably make statements to, the FBI, IRS, and/or other federal agencies and financial institutions;[4] refer HFK to disciplinary counsel[5] (which Plaintiff has apparently done);[6] and issue a press release,[7] presumably regarding the foregoing.

---

[2] *E.g.*, Ex. A at 3 ("Ted and Bill will be key witnesses as this also includes a current case with Dechert for your mutual client whereby phony contracts were being made by the region for the purposes of laundering"); 22 ("they need to disqualify themselves as I will call them as a witness immediately during this motion to dismiss if they continue to go this route.").

[3] *E.g.*, *id.* at 3; 4; 10; 17; 28 (client names are redacted).

[4] *E.g.*, *id.* at 1 ("So the govt has been served as of yesterday on the harm of the federal suit"); 3 ("Upon information and belief, and a recent meeting for 3 hours with the FBI, head of fraud for PNC, and the IRS, it seems I have been a dupe"); 15 ("My former FBI/IRS head of Philadelphia office investigator for 25 years did the forensics on all returns and records including IFS.").

[5] *Id.* at 18 ("I will circle back to Dave White at the Delaware Bar Association on the Rule 3.7(a) as he was helpful again when I was *Pro Se* and Spoltore, Jonathon's divorce lawyer, was misbehaving."); 22 ("I will wait for Halloran's response to the disciplinary action and I gave them until today to withdraw their appearance"); 26.

[6] *Id.* at 20-21; 22 ("I have filed now, a formal complaint with the Delaware disciplinary board").

[7] *Id.* at 26 ("I will be filing a motion to disqualify and a bar complaint with a press release.").

Plaintiff's emails include disjointed and baseless accusations of money laundering and inchoate financial wrongdoing,[8] and are punctuated with inflammatory and inappropriate comments.[9] As recently as Sunday, October 15, 2023, Plaintiff sent four emails to counsel between 5:03 p.m. and 7:17 p.m.[10]

In sum, similar to the Complaint in this action, Plaintiff's Motion is another front in her campaign against Defendants and it should be denied. There is no factual or legal basis to disqualify HFK, Theodore A. Kittila ("Mr. Kittila"), or William E. Green ("Mr. Green," together with HFK and Mr. Kittila, "Defense Counsel") as attorneys for Defendants in this matter. There is similarly no basis to vacate or strike Defense Counsel's entry of appearance or Defendants' motion to dismiss.

---

[8] *E.g.*, *id.* at 3("Upon information and belief, our funds were co-mingled with your mutual client"); 12 ("Lets [*sic*] be clear my husband is a money launderer.").

[9] *See, e.g.*, *id.* at 2 ("Just shows you left for a bunch of wimps they wont [*sic*]take service and defend their actions.. [*sic*] i knew it a bunch of thugs. [] We will get them to the car… sorry for you. You had truth and you s*** all over it for garbage."); 20 (inviting Mr. Kittila to a public debate "on my case and the fraud aspect of paying for transgender surgery and lifestyle. Can you imagine?"); 22 ("Your slimy lawyer [Leslie Spoltore, Esq.] (her new name in the kegal [*sic*]community after the slime-ball tactics is Slimetore"); 15 ("Lucy is to go to psychiatric (not psychological garbage dude ranch) a real psychiatrist for counseling and pharmacological psychiatric evaluation a minimum of 15 hours"); 26 ("Is there a difference between Hunter Biden and Jonathon Moore? I don't think so. Hunter oallegedly [*sic*] took his daughter's education fund and paid for hookers and wanted to make it an IRS deduction and Jonathon took money out for transgender surgery and unqualified medical expenses, and wanted it to be an IRS deduction.").

[10] *Id.* at 26-27.

## BACKGROUND

On August 10, 2023, Mr. Moore filed for divorce from Plaintiff in the Delaware Family Court. *See Jonathon Moore v. Mahtaub Moore*, File No.: NC23-03101; Petition No.: 23-17019 (Del. Fam. Ct.) (the "Divorce Proceeding").

On August 17, 2023, Mr. Moore engaged HFK for the limited purpose of accompanying him to 1 Wood Road in Wilmington, Delaware, to assist in preparations for moving furniture and client files from his residential law office. On prior occasions, Plaintiff had refused to let Mr. Moore into the house to remove his client files or tag items for the movers. On August 17, Mr. Green accompanied Mr. Moore to 1 Wood Road. The visit was solely to facilitate Mr. Moore's identification of items in his law office that were to be moved to his new residence in light of the Divorce Proceeding.

On September 7, 2023, Plaintiff filed this action *pro se*, seeking to leverage a better settlement in the Divorce Proceeding by asserting outlandish RICO and fraud claims against Mr. Moore, his daughters, and son-in-law. D.I. 1. On October 6, 2023, Defendants moved to dismiss. D.I. 7-8.

## ARGUMENT

"[D]isqualification is an 'extreme remedy.'" *In re Boy Scouts of Am.*, 630 B.R. 122, 134 (D. Del. 2021) (quoting *Jackson v. Rohm & Haas Co.*, 366 Fed. Appx. 342, 347 (3d Cir. 2010). Plaintiff concedes her burden of proof is "clear and

4

convincing evidence." Ex. A. at 18 ("…the burden of proof for me must be clear and convincing evidence to disqualify…").

"Motions to disqualify are 'generally disfavored' and, therefore, require the moving party to show clearly that 'continued representation would be impermissible.'" *Princeton Digital Image Corp. v. Office Depot Inc.*, 2017 WL 3573812, at *1 (D. Del. Aug. 17, 2017) (quoting *Talecris Biotherapeutics, Inc. v. Baxter Int'l Inc.*, 491 F. Supp. 2d 510, 513 (D. Del. 2007)).

Courts in this district recognize that "motions to disqualify are often disguised attempts to divest opposing parties of their counsel of choice." *Cannon Airways, Inc. v. Franklin Holdings Corp.*, 669 F. Supp. 96, 100 (D. Del. 1987) (denying disqualification). Such is the case here. Plaintiff's Motion should be denied.

### A. Defense Counsel Are Not Necessary Witnesses.

Plaintiff's Motion is based on the pretext that Defense Counsel are necessary witnesses in this action, and thus are disqualified from representing Defendants under Model Rule of Professional Conduct 3.7(a). D.I. at 2. On a motion to disqualify, Plaintiff bears the burden of showing that Defense Counsel's testimony will be necessary. *Cannon Airways, Inc.* 669 F. Supp. at 100.

Despite Plaintiff's rhetoric, Defense Counsel are not necessary witnesses to this case. Defense Counsel do not have first-hand knowledge of the facts (to the extent there are any) underlying Plaintiff's allegations. Assuming this case survives

the pending motion to dismiss, the facts are best presented through documents, witnesses, and sources other than Defense Counsel. Even if Plaintiff's breathless assertion that "key and vital documents and evidence pertaining to this case were removed"[11] from 1 Wood Road were true (it is not), if the case is not dismissed, Plaintiff may seek materials in discovery to the extent they are relevant, non-privileged, and proportional to the needs of the case.[12] Plaintiff omits that the purportedly "vital documents" are Mr. Moore's confidential client files required for his practice. They have no bearing on this case, are subject to attorney-client privilege, and Plaintiff has no right to access them.

Plaintiff provides no facts to support her implausible assertion that Defense Counsel "have authority and knowledge no other witnesses possess concerning the corporate organizational structures, tax structures, opening of bank accounts, foreign clients and foreign heads of state" vaguely referenced in the Motion. D.I. 9 at 4; *see Jackson*, 366 Fed. Appx. at 347 ("conclusory allegations, which are not backed by evidence, do not warrant the extreme remedy of attorney disqualification."). Corporate organizational structures, tax structures, and bank accounts leave a

---

[11] D.I. 9 at 2.

[12] The only matter on which Defense Counsel might remotely or conceivably have first-hand knowledge relates to Mr. Green accompanying Mr. Moore on August 1 while Mr. Moore tagged items in his law office for the movers. This event is entirely unrelated and irrelevant to any matters alleged in the Complaint.

documented paper trail. Defense Counsel have no knowledge of the facts underlying Plaintiff's vague and spurious allegations. Such information is best obtained through documentary evidence and sources other than Defense Counsel.

Defense Counsel are not necessary witnesses in this case. Plaintiff's Motion should be denied.

### B. There is No Basis to Strike Defendants' Motion to Dismiss.

Plaintiff cites no authority and articulates no rationale for her assertion that Defendants' motion to dismiss should be stricken from the record. The Court should deny Plaintiff the relief she seeks for this reason alone.[13]

Plaintiff's only apparent basis for seeking to strike the motion to dismiss is her motion to disqualify Defense Counsel. But a motion to strike entails an entirely separate legal rubric from a motion to disqualify. Defense Counsel are aware of no cases where disqualified counsel had their earlier filings on behalf of a party struck from the record based solely on the disqualification.

---

[13] *See* D. Del. LR 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief"); *see also Chevron (HK) Ltd. v. One World Technologies, Inc.*, 2022 WL 14812531, at *1 (D. Del. Oct. 26, 2022) ("This provision exists, in part, to prevent litigants from engaging in impermissible 'sandbagging,' reserving crucial arguments for a reply brief to which an opponent cannot respond.") (citing *Fifth Mkt., Inc. v. CME Grp., Inc.*, 2013 WL 3063461, at *1 (D. Del. June 19, 2013)).

Federal Rule of Procedure 12(f) provides that the Court "may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added). The motion to dismiss is not a "pleading," however. *See* Fed. R. Civ. P. 7(a) (enumerating permitted pleadings); *see also, Mallinckrodt Inc. v. E-Z-EM Inc.*, 671 F. Supp. 2d 563, 567 (D. Del. 2009) ("It is clearly established in the Third Circuit that a motion to dismiss is not a responsive pleading.") (citing *Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc*., 482 F.3d 247, 252 (3d Cir. 2007)).

There is simply no basis under the Federal Rules to strike the motion to dismiss. And even if there were, motions to strike are generally "disfavored." *Chevron (HK) Ltd.*, 2022 WL 14812531, at *1 (citing *Symbol Techs., Inc. v. Aruba Networks, Inc*., 609 F. Supp. 2d 353, 356 (D. Del. Mar. 30, 2009).

The Court should not strike Defense Counsel's entry of appearance or the motion to dismiss.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court deny Plaintiff's motion to disqualify and strike.

Dated: October 20, 2023          **HALLORAN FARKAS + KITTILA LLP**

<u>*/s/ William E. Green, Jr.*</u>
Theodore A. Kittila (No. 3963)
William E. Green, Jr. (No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone: (302) 257-2025
Fax: (302) 257-2019
Email: tk@hfk.law / wg@hfk.law

*Counsel for Defendants Curtis Melvin, Jonathon R. Moore, Margaret C. Moore, and Lucia M. Moore*