IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAHTAUB MOORE,<br><br>   *Plaintiff*,<br><br> v.<br><br>CURTIS MELVIN, JONATHON R. MOORE, MARGARET C. MELVIN, LUCIA M. MOORE, JOHN AND JANE DOES 1-10,<br><br>   *Defendants*. | C.A. No. 1:23-cv-00988 (GBW) |

**DEFENDANTS' MOTION FOR BRIEFING SCHEDULE AND
OPPOSITION TO PLAINTIFF'S MOTION TO STAY**

  Defendants Curtis Melvin, Jonathon R. Moore, Margaret C. Moore, and Lucia M. Moore (collectively, "Defendants"), by and through their undersigned counsel, hereby move for entry of a briefing schedule on Defendants' Motion to Dismiss (D.I. 7), and oppose Plaintiff's Motion to Stay Plaintiff's Answer to Defendants' Motion to Dismiss Until Ruling of Plaintiff's Motion to Disqualify Counsel and Motion to Strike (the "Motion to Stay"). For the reasons herein, the Court should enter a briefing schedule on the Motion to Dismiss in the form attached hereto, and deny the Motion to Stay.

**BACKGROUND**

  On September 7, 2023, Plaintiff filed the *pro se* Complaint, asserting various causes of action, none of which are supported by concrete facts, including RICO

claims, various fraud claims, as well as blackmail and extortion. D.I. 1.

On October 6, 2023, Defendants moved to dismiss the Complaint and filed their Opening Brief in Support of their Motion to Dismiss. D.I. 7-8. Under the Local Rules, any opposition to the Motion to Dismiss was due on October 20, 2023. *See* D. Del. Local Rule 7.1.2(b) ("Unless otherwise ordered, once a motion has been deemed served, the response thereto shall be filed within 14 days[.]").

On October 17, 2023, rather than file an opposition to the Motion to Dismiss, Plaintiff filed a motion to disqualify Defendants' counsel and strike the motion to dismiss (the Motion to Disqualify). D.I. 9.

On October 20, 2023, Defendants filed their opposition to the Motion to Disqualify. D.I. 10.

On October 23, 2023, Plaintiff filed a reply brief in further support of her Motion to Disqualify. D.I. 11.

On November 3, 2023, Plaintiff sent various letters to Defendant Jonathon Moore's clients and business contacts, on the auspices of notifying them of their purported duty to preserve evidence relevant to this litigation. Defendants do not know the total number of third parties Plaintiff has contacted with these purported "litigation hold" letters. It is clear, however, that Plaintiff's intent is drag out this litigation in an effort to harass and embarrass Mr. Moore professionally and personally, in order to leverage a better settlement in the divorce proceeding pending

before the Delaware Family Court.  Plaintiff's improper purpose is demonstrated by her various bizarre emails threatening to call Defendants' attorneys as witnesses;[1] publicize the names of Mr. Moore's clients;[2] make statements to federal agencies and financial institutions;[3] refer Defendants' counsel to disciplinary counsel;[4] and issue a press release, presumably regarding Mr. Moore's clients and this litigation.[5]

On November 8, 2023, Defendants sent a letter to Plaintiff advising her of the timeframes set forth in the Local Rules, and requesting that she "serve any response or opposition to the Motion to Dismiss by 5:00 p.m. on Monday, November 13, 2023.  If you do not serve a response or opposition to the Motion to Dismiss by that time, we will advise the Court that the Motion to Dismiss should be deemed unopposed." Exhibit 1.

On November 9, 2023, Plaintiff served on Defendants the Motion to Stay, requesting twenty days to file and serve an opposition to the Motion to Dismiss *after* the Court has ruled on Plaintiff's Motion to Disqualify.  As of this writing, the Motion to Stay is not yet on the docket.  A scanned copy is attached as Exhibit 2.

---

[1] *See* D.I. 10-1 at 3.

[2] D.I. 10-1 at 3; 4; 10; 17; 28.

[3] D.I. 10-1 at 1; 15.

[4] D.I. 10-1 at 18; 20-21; 22; 26.

[5] D.I. 10-1 at 26.

## ARGUMENT

The Court should enter a briefing schedule on the Motion to Dismiss and deny Plaintiff's Motion to Stay. Plaintiff's opposition (if any) to the Motion to Dismiss was due on October 20, 2023, and is thus already untimely under Local Rule 7.1.2(b).

**1. A Briefing Schedule on the Motion to Dismiss is Necessary.**

"A federal court has the authority to, and must not avoid the responsibility for, monitoring the conduct of all litigants and attorneys who come before it." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991). The Court has the inherent power to "restrain the excesses of the participants and to preserve the integrity of the judicial process." *Id*. at 46. The power of the Court to "require submission to the rules of fair play is 'universally acknowledged to be vested' in courts so as to 'achieve the orderly and expeditious disposition of cases.'" *Id*. at 43 (quoting *Link v. Wabash R. Co*., 370 U.S. 626, 630- 31 (1962)).

Plaintiff's attempts to delay briefing on the Motion to Dismiss, while simultaneously sending litigation hold letters to third parties and various strange emails to Mr. Moore and counsel, are not conducive to the orderly and expeditious disposition of this case. Although courts are generally lenient with *pro se* litigants, such leniency does not extend so far as to permit *pro se* litigants to "abuse the judicial process." *In re Noble*, 2018 WL 2012903, at *1 (D. Del. Apr. 30, 2018).

Plaintiff has delayed briefing on the Motion to Dismiss in an improper attempt to prolong this litigation and harass Defendants. The "mere assertion of a RICO claim ... has an almost inevitable stigmatizing effect on those named as defendants ... and courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (lst Cir. 1990). A briefing schedule on the Motion to Dismiss is necessary.

The proposed briefing schedule attached hereto provides for Plaintiff to file any opposition on or before November 15, 2023, and for Defendants to file any reply in further support of their Motion to Dismiss by November 22, 2023.

**2. The Court Should Deny Plaintiff's Motion to Stay.**

Plaintiff's Motion to Stay does not request leave to file her opposition out of time, nor does it provide a rationale—much less establish good cause—for Plaintiff's failure to respond to the Motion to Dismiss. Nor does the Motion to Stay state or request a date certain by which Plaintiff commits to file an opposition to the Motion to Dismiss. Rather, Plaintiff seeks an order from this Court conditioning her obligation to file an opposition to the Motion to Dismiss on the outcome of her subsequently-filed Motion to Disqualify.

Plaintiff has cited no authority, and Defendants are unaware of any authority, that supports the relief she seeks. Plaintiff appears to proceed on the baseless

assumption that her Motion to Disqualify relieves her of the obligation to oppose the Motion to Dismiss. The Court should deny the Motion to Stay.

## CONCLUSION

For the foregoing reasons, the Court should enter the [Proposed] Briefing Schedule on Defendants' Motion to Dismiss, and deny Plaintiff's Motion to Stay.

Respectfully submitted,

Dated: November 9, 2023

**HALLORAN FARKAS + KITTILA LLP**

*/s/ William E. Green, Jr.*
Theodore A. Kittila (No. 3963)
William E. Green, Jr. (No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone: (302) 257-2025
Fax: (302) 257-2019
Email: tk@hfk.law / wg@hfk.law

*Counsel for Curtis Melvin, Jonathon R. Moore, Margaret C. Moore, and Lucia M. Moore*