# EXHIBIT A



# Forensic Litigation Consultants LLC

**102 Feather Hill Lane**
**Media, PA 19063**

Ms. Mattie Moore
1 Wood Road
Wilmington, DE 19806

Ms. Moore:

I have been engaged by you to provide my expert opinion on the propriety of entries made to (1) a draft (proposed) 2022 Form 1040 U.S. Individual Income Tax Return for Jonathon R. and Mahtaub L. Moore of 1 Wood Road, Wilmington, DE; (2) a related 2022 Form PIT-RES Delaware Individual Resident Income Tax Return filed March 11, 2023; and (3) made to the 2021 and 2022 Form 1120 U.S. Corporation Income Tax Returns for Ingomar Fiduciary Services, Inc.

Specifically, as stated below, I have opined on the propriety of medical and dental expenses recorded on the "Schedule A – Itemized Deductions" of both the draft federal and final (as filed) state returns.  I've also opined on the propriety of deductions to gross receipts taken by Ingomar Fiduciary Services, Inc. (IFS) on its 2021 and 2022 Form 1120, specifically deductions taken for compensation to officers, for employee benefit programs, "medical reimbursements," and employee medical insurance premiums as regard you as a purported "employee" of IFS.  You've told me that you are not now, nor have you ever been, an employee of IFS.

### Introduction

By way of background, I am qualified to opine as an expert on the matters contained herein based upon my forty years of accounting experience, forensic accounting, internal/occupational fraud, and due diligence investigations.  I am a former licensed Certified Public Accountant and Certified Information Systems  Security Professional, and am currently a Certified Fraud Examiner.

I enjoyed a 25-year FBI career, retiring as the senior executive in charge of the Philadelphia Division of the FBI, its sixth largest field office. There, I led Counter Terrorism, Counter Intelligence, Cyber Security, Public Corruption, Criminal Enterprise, Financial Crimes, Major Corporate Fraud, and Violent Crime investigations and physical and information security programs. Throughout my FBI career I held several positions including Special Agent in Charge of the Louisville Division, FBI Finance Division Assistant Director and Chief Financial Officer, Inspector-In-Charge of the 1996-1999 Campaign Finance Task Force, and others through assignments in Boston, Washington, Norfolk, New Orleans, Louisville, Philadelphia, and elsewhere. As an FBI Special Agent, I specialized in white-collar crime / public corruption investigations, recording a multitude of convictions in the areas of financial institution fraud, bankruptcy fraud, bribery and corruption, economic extortion, false claims, mail and wire fraud, money laundering, and computer fraud and abuse.

Before joining the FBI, I led criminal tax evasion and tax-money laundering investigations as an IRS Criminal Division special agent in New Orleans, LA. I also worked in an audit and public accounting practice in Providence, RI with the former Peat, Marwick, Mitchell & Company, today known as KPMG. For 12 years I led Global Security and Fraud Operations for Vanguard, the world's largest investment management and mutual fund company, with responsibility for the protection of its personnel, assets, reputation, and client assets of $5.1 trillion.

A copy of my CV is attached hereto as Exhibit A. A list of the documents I reviewed are attached hereto as Exhibit B.

My fees are not contingent in any way with the outcome of any litigation you may pursue in this matter. I reserve the right to amend or supplement this report should additional documentation and information be provided. I further reserve the right to provide a rebuttal to any report or analysis submitted by any defendant(s) in any prospective litigation, if requested to do so.

### Background

Jonathon R. Moore is an attorney licensed to practice in New York and the District of Columbia. The Law Offices of Jonathan R. Moore PLLC, file number L0000057532, registered January 12, 2012, is an active professional limited liability company in Washington, DC, with an address of 5335 Wisconsin Avenue NW, Suite 440, Washington DC 20015. Its registered agent is Jonathon R. Moore. He's also

shown as a beneficial owner and executing officer.  The PLLC last filed its biannual report in March 2023.

On his law offices' website, Moore describes his practice areas as corporate and commercial, private client, estate planning, and charitable and exempt organizations.  Through its "Private Client" services, the firm devises domestic and international trusts for families and family businesses, as well as charitable structures for both U.S. and international families.  Additionally, the firm structures investments of foreign individuals and families in United States real estate, including commercial and retail properties, residences, and the acquisition and maintenance of vacation properties.  Structuring typically focuses on privacy, shielding the owners from disclosure through web search engines and avoiding potential exposure to U.S. federal and state taxation.  Once a structure is in place, an "affiliated company" known as Ingomar Fiduciary Services, Inc. (IFS) maintains it, including making use of accounting professionals to ensure utilities, taxes, and insurance are paid and to also manage any needed capital improvements.[1]

IFS is a domestic Delaware Corporation in good standing, incorporated on March 30, 2000, file Number 3204299.  Its registered agent is Jonathon R. Moore, 1 Wood Road, Wilmington, DE 19806.  It is licensed by Delaware for general business through 12/31/2023.

IFS is also a Washington, DC, for-profit corporation (file number 202670) registered July 19, 2000, with a local address of 1050 17th Street NW, Suite 301, Washington, DC, and a principal address of 1 Wood Road, Wilmington, DE 19806. Its registered agent is Jonathon R. Moore at the 17th Street address.  Moore is also noted as a beneficial owner of IFS as its president.  The corporation last filed a report in April 2015, and its District of Columbia status is shown as "withdrawn."

Public records show Jonathon R. Moore and IFS to be a registered agent and/or officer of 82 legal entities registered in New York, Delaware, Washington, DC., Indiana, North Carolina and Florida.[2]  Moore is an officer of 48 entities – 36 in Delaware, six in the District of Columbia, three in Florida, and one each in the remaining states.  IFS is a registered agent/ officer of 27 Delaware and seven District of Columbia entities.[3]

---

[1] Law Offices of Jonathon R. Moore, PLLC - Private Client (moorelawoffices.us) Accessed 08/16/2023
[2] https://opencorporates.com/ Accessed 08/16/2023 and 09/05/2023
[3] Ibid. Accessed 08/16/2023 and 09/05/2023

Julie Sanford is a long-time associate and apparent office manager of Moore's law office. Public records show she is either a registered agent or officer (including CEO) of 22 active or inactive entities – seven in the District of Columbia, 11 in Virginia, two in North Carolina, and one each in Florida and Texas. Her home address of 30 Saint Roberts Drive, Stafford, VA 22556, or her use of the law firm address, connects her to these entities.[4] [5]

You are the spouse of Jonathon R. Moore, having become married on October 6, 2016. Since then, and continuing through this report, Jonathon Moore as President of IFS has caused IFS to carry you as an "employee" on its books, despite you having never been employed by IFS. For not less than tax years 2021 and 2022, IFS expensed on its Form 1120 U.S. Corporation Income Tax Return (and associated state return) officer "compensation" purportedly paid you as an employee; health and life insurance premiums connected to you as an IFS "employee;" and certain "medical reimbursements," again in connection with your purported employment with the company. Further, IFS "medical reimbursement" disbursements were made annually to either Jonathon R. Moore personally or to the Law Offices of Jonathon R. Moore and expensed by IFS on its books. Since you've received a W-2 from IFS reporting taxable wages since 2017, you have no reason to believe the same employee-related expenses were not deducted by IFS from its 2017-2020 returns.

On June 30, 2023, Jonathon R. Moore abandoned your marriage, abandoned the home at 1 Wood Road, Wilmington, DE, and moved himself to a summer home in East Hampton, NY. Divorce proceedings followed, including settlement discussions via email between you and Jonathon. In a settlement "Counteroffer Term Sheet" dated August 25, 2023, Jonathon demanded that you remain an employee of IFS and twice demanded that you agree to "cease and desist any further arguments that she [you] is not an employee."[6] He also demanded that you consent to filing a joint 2022 federal income tax return, that you cease and desist from any independent review of prior income tax returns jointly filed, and that you covenant not to correspond with the IRS or Delaware Department of Revenue on any aspect of your prior tax returns, which

---

[4] Ibid. Accessed 09/05/2023
[5] That Jonathon Moore, IFS, and Sanford are registered agents and/or officers of over 100 legal entities in nine U.S. states is consistent with the law office's "Private Client" services practice of creating legal structures designed to shield the beneficial owners of those entities from public disclosure
[6] You'd notified Julie Sanford through an email dated July 15, 2023, followed by a letter sent certified mail, that you are not an employee of IFS with a demand that you be sent no further checks and be removed from their books as an "employee."

correspondence will be his sole responsibility.[7]  In making this demand he offered to indemnify and hold you harmless for any additional taxes due that may result from an IRS audit relating to the 2022 return.

You've reviewed the 2022 Form 1040 U.S. Individual Income Tax Return prepared by (or at the direction of) Jonathon Moore through which he demands you consent to filing "Married filing jointly."  Through an extension, the return is due to be filed on or about October 15, 2023.  You are particularly leery of and concerned about $67,047 in purported Medical and Dental Expenses reported on Form 1040 Schedule A, because you know of your own personal knowledge that over $49,000 in expenses regard medical care costs (deductible and non-deductible) of Jonathon's oldest daughter, Lucy, who is 36 years old and not a dependent for tax purposes.  You know other expenses to regard non-deductible marriage counseling fees, transportation fees for your mother (also not a dependent for tax purposes), and possibly non-deductible amounts for over-the-counter medicines and items of personal hygiene.  Finally, you know Jonathon to have been "reimbursed" $10,000 from IFS in 2022 and don't believe the $67,047 is net of that reimbursement.

You've reviewed a 2022 Form PIT-RES Delaware Individual Resident Income Tax Return filed jointly with Jonathon R. Moore on March 11, 2023, and hold the same concerns.  It reported identical medical and dental expenses of $67,047.

### Conclusions

In my professional opinion, and based on my experience, I conclude to a reasonable degree of professional certainty that in an IRS audit of the 2021 and 2022 Form 1120 U.S. Corporation Income Tax returns of IFS, a reasonable examiner would find your IFS "employment" a pretext having as its main purpose the improper avoidance of federal income tax.  I conclude with a high degree of confidence that the examiner would disallow IFS deductions taken for purported wages paid you as an "employee" of the company; for the cost of health care and life insurance provided you as an "employee"; and for "medical reimbursements" made to you (or to Jonathon) for "reimbursable" medical expenses you incurred as a purported "employee".  My conclusion applies to any IFS tax return in which the pretext of you being an IFS employee facilitated improper deductions to be taken against IFS gross receipts, thereby reducing its taxable income - from 2017 through the 2022 corporate return.

---

[7] Jonathon R. Moore Counteroffer Term Sheet dated 230825

Because a reasonable IRS examiner would disallow the specified deductions, the IRS would likely require that IFS amend its 2021 and 2022 federal tax returns (and any other tax year returns at issue), and further likely assess penalties for underpayment of taxes (and possible negligence or fraud) and levy accrued interest against the corporation.   I believe a reasonable examiner would also possibly impute as taxable income to Jonathon the value of annual "medical reimbursements" made for non-deductible medical expenses you purportedly incurred as an IFS "employee."

Regarding the Medical and Dental Expenses recorded as part of the draft 2022 Form 1040 U.S. Individual Income Tax Return, I conclude to a reasonable degree of professional certainty that no less than $58,618 of the total $67,047 in expenses claimed are non-deductible. I believe in a prospective audit of the return a reasonable IRS examiner would disallow the deductions as either non-qualifying or made for a non-dependent (irrespective of their qualified deductibility under the IRC).  The examiner would find the permissible medical and dental expense deduction to be <u>zero</u> dollars, and not the claimed $46,795.[8]

Your 2022 Delaware PIT-RES income tax return reported the identical $67,047 in medical and dental expenses.  I believe in an audit of that return a Delaware Division of Revenue examiner would disallow no less than $58,618 of those deductions and require the return be amended accordingly.  I conclude to a reasonable degree of certainty you and Jonathon would be personally at risk of being assessed additional taxes, penalty for understatement of taxes (and possibly negligence or fraud), and accrued interest on the tax deficiency.

**Recommendations**

I recommend you write the IRS and explicitly advise the agency that you were not an employee of IFS in tax years 2021 and 2022, nor in any other tax year for which IFS showed you to be so through a Form W-2 Wage and Tax Statement. If you have a copy of a Form W-2, enclose it.  You may want to include a copy of your email of July 15, 2023 and follow-up letter to Julie Sanford in your letter to the IRS.  In short, to permit the pretext of you being an IFS employee to continue would implicate you in that false pretext.

---

[8] The $58,618 in non-deductible expenses alone is sufficient to reduce the permissible medical and dental expense deduction on Line 4 of Schedule A to zero.  One need not consider the impact of the $10,000 IFS "reimbursement" to Jonathon which should be netted against the claimed amounts.  Under the IRC you cannot deduct medical and dental expenses for which you are reimbursed. If you do, amounts paid you in reimbursement are considered taxable income up to the amount the deductions reduced your taxable income.

Regarding your 2022 federal income tax return, I recommend you file "Married filing separately" and report your own income items (including the IFS purported wages and profit or loss from the LLCs of which you are the sole member), adjustments to income, standard or itemized deductions, credits, and record of payments. Out of an abundance of caution, as part of the return you may choose to notice the IRS that you are not now, nor have you ever been, a W-2 Wage employee of IFS.

I do not recommend filing jointly. If you so choose you must satisfy yourself that all reported income, adjustments to income, standard or itemized deductions, credits, and record of payments are accurate. Determining the accuracy and propriety of entries made to the return's Schedule C for The Law Offices of Jonathon R. Moore PLLC may prove challenging. For a federal tax return filed jointly when married, both spouses are liable to the IRS. It can collect 100% of any debt (tax, penalties, and interest) from either spouse. This is true after divorce, even if the spouse that is obligated per the divorce decree fails to pay. Why assume that risk?

As for your Delaware tax return filed in March of this year, the figures you reported are taken directly from your federal return. Consequently, if your federal return changes for any reason you're required to report such changes to the Delaware Division of Revenue within 90 days of the change. Given your federal itemized deduction for medical and dental expenses will change by no less than $58,618, and your filing status may also change, I recommend you file a Delaware PIT-RES Amended tax return within 90 days of filing your final 2022 Form 1040 U.S. Individual Income Tax Return.

## Analysis

The following facts, conditions, and events underlie my conclusions:

*IFS 2021 and 2022 Form 1120 U.S. Corporation Income Tax Returns*

A.      You are not an employee of IFS. You've explicitly said so, and an objective reading of the IRS definition of an "employee" confirms so. According to the IRC, the term employee includes every individual performing services if the relationship between him and the person for whom he performs such services is the legal relationship of employer and employee. Generally the relationship of employer and employee exists when the person for whom services are

performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished. That is, an employee is subject to the will and control of the employer not only as to what shall be done but how it shall be done. In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so. The right to discharge is also an important factor indicating that the person possessing that right is an employer. [9]

Objectively read, you are not and have never been an employee of IFS.

B.      Given you are not an IFS employee, the corporation is not entitled to deduct from gross receipts amounts "paid" you as purported wages, or amounts expended for your personal health insurance premiums (Highmark Delaware) and life insurance (Guardian).   The 2021 and 2022 IFS corporate tax returns improperly show deductions from gross receipts for amounts paid you, or paid for your benefit, under these expense categories.

C.      Given you are not an IFS employee, and therefore not permitted to participate in a company sponsored Health Reimbursement Arrangement (HRA), the corporation is not entitled to deduct from gross receipts amounts paid to Jonathon R. Moore as your spouse or to you for "medical reimbursables."[10] The 2021 and 2022 IFS corporate tax returns improperly include deductions from gross receipts for such reimbursements.

According to the IRS, an HRA is an employer-established benefit plan designed to reimburse employees [emphasis added] tax free for qualified [emphasis added] medical expenses up to a maximum dollar amount for a coverage period.  Contributions made by the employer can be excluded from an employee's gross income, and reimbursements may be tax free if the employee paid for qualified medical expenses, i.e., distributions from an HRA must be paid to reimburse the employee for qualified medical expenses he or she incurred. Notably, if any distribution is made for other than the reimbursement of qualified medical expenses, any distribution made in the current tax year is included in gross

---

[9] 26 CFR § 31.3401(c)-1 - Employee. | Electronic Code of Federal Regulations (e-CFR) | US Law | LII / Legal Information Institute (cornell.edu) Accessed 09062023
[10] The payment of "medical reimbursables" by IFS to Jonathon Moore as your spouse, based on the pretext that you are an IFS "employee," has the appearance of an HRA.  I had no records available that might confirm or refute the existence of a formal IRS-qualified HRA.

income.   Finally, any unused amounts in an HRA can be carried forward for reimbursements in later years.[11]

Whether or not IFS has in place an IRS qualified HRA is moot.  You are not an employee of IFS and Jonathon as your spouse was and is not entitled to tax-free reimbursement for your medical expenses.   The same can be said for the requirement that medical expenses be "qualified."  In this instance no less than $58,618 in 2022 medical and dental itemized deductions are non-qualifying deductions.  That alone is disqualifying, irrespective of your "employee" status with IFS.

D.      Because you are neither today, nor have you ever been, an employee of IFS, a reasonable IRS examiner might impute as taxable income to Jonathon any and all "medical reimbursable" payments made him over the years.  IFS tax return documentation shows $10,000 was paid him in both 2021 and 2022.  That a "carry forward" balance of medical reimbursables is shown in both years suggests IFS payments have likely been made to Jonathon since tax year 2017.


*The 2022 Form 1040 U.S. Individual Income Tax Return for Jonathon R. and Mahtaub L. Moore*

E.      Schedule A to your draft 2022 Form 1040 reports $67,047 in qualified medical and dental expenses before application of a 7.5% AGI threshold.  The $67,047 total is drawn from a document saved as "JRM/2022 reimbursable medical expenses-IFS," found within the IFS files.  It notes in minute detail every charge constituting the total.   The net medical and dental expense deduction entered on Line 4 of Schedule A is $46,795.

As indicated above, no less than $58,618 of the $67,047 in claimed deductions is non-deductible as either non-qualifying or as having been expended for the benefit of a non-dependent, Jonathon's 36-year-old daughter.  She does not meet the IRC definition of a dependent "qualifying child," and notably was not claimed as a dependent on the return.  The IRS tests to be a qualifying child are:[12]

---

[11] Department of The Treasury, Internal Revenue Service, **Publication 969 *Health Savings Accounts and Other Tax-Favored Health Plans***
About Publication 969, Health Savings Accounts and Other Tax-Favored Health Plans | Internal Revenue Service (irs.gov)

[12] Department of The Treasury, Internal Revenue Service, **Publication 501 (2022), Dependents, Standard Deduction, and Filing Information**  Publication 501 (2022), Dependents, Standard Deduction, and Filing Information | Internal Revenue Service (irs.gov)

1. The child must be your son, daughter, stepchild, foster child, brother, sister, half-brother, half-sister, stepbrother, or stepsister, or a descendant of any of them.
2. The child must be (a) under age 19 at the end of the year and younger than you (or your spouse if filing jointly); (b) under age 24 at the end of the year, a student, and younger than you (or your spouse if filing jointly); or (c) any age if permanently and totally disabled.
3. The child must have lived with you for more than half of the year.[2]
4. The child must not have provided more than half of the child's own support for the year.
5. The child must not be filing a joint return for the year (unless that joint return is filed only to claim a refund of withheld income tax or estimated tax paid).

At age 36, not permanently and totally disabled, living on her own outside the home with neither you nor Jonathon, Lucy doesn't meet tests two or three. In that she squarely fails the dependent qualifying child test, there's no need to examine the qualifying nature of her medical deductions, many of which on their face are <u>not</u> qualifying. I submit with a high degree of confidence that in a prospective audit an IRS examiner would disallow both the non-qualifying deductions and the deductions for Lucy's medical costs, and find the permissible medical and dental expense deduction at Line 4 of Schedule A to be <u>zero</u> dollars, and not the claimed net amount of $46,795.[13]

A spreadsheet detailing my medical and dental expense analysis is attached as Exhibit C to this report.

*The 2022 Form PIT-RES Delaware Individual Resident Income Tax Return*

F.     The entries made to your Delaware Individual Resident Income Tax Return are derived directly from your corresponding Form 1040 U.S. Individual Income Tax Return. Your 2022 Delaware Form PIT-RES was filed on 3/11/2023. Resident Schedule A – Itemized Deductions at Line 1 reports Medical and dental expenses

---

[13] The $58,267 in non-deductible expenses alone is sufficient to reduce the permissible medical and dental expense deduction on Line 4 of Schedule A to zero. One need not consider the impact of the $10,000 IFS "reimbursement" to Jonathon which should be netted against the claimed amounts. Under the IRC you cannot deduct medical and dental expenses for which you are reimbursed. If you do, amounts paid you in reimbursement are considered taxable income up to the amount the deductions reduced your taxable income.

of $67,047, the precise amount reported on your draft Form 1040 federal return. The net amount shown after deducting the threshold 7.5% of AGI is $46,794.

For the same rationale as stated in Paragraph E. above, in an audit of your 2022 state return I believe a reasonable Delaware Division of Revenue examiner would disallow the deductions and find the permissible medical and dental expense deduction at Line 4 of Schedule A to be <u>zero</u> dollars, not the claimed net amount of $46,794.

It follows that your Delaware joint taxable income would be understated by no less than $47,794, and you and Jonathon would personally be at risk of being assessed additional taxes, penalty for understatement of taxes (and possibly negligence or fraud), and accrued interest on the tax deficiency.

All opinions expressed herein are to a reasonable degree of professional certainty.

Jeffrey A. Lampinski
Principal
Forensic Litigation Consultants, LLC
Certified Fraud Examiner
Dated: September 7, 2023

# EXHIBIT A



**Jeffrey A. Lampinski, CFE, CPA**
**Principal**
**Forensic Litigation Consultants LLC**
**Media, PA**

A retired FBI senior executive and corporate chief security officer, Jeff brings forty years of criminal investigative and accounting experience to forensic accounting, internal/occupational fraud, sensitive Human Resources and employment law, and due diligence investigations.  He is also deeply experienced in fraud risk management, financial services fraud prevention, detection, and response, fraud risk and controls, and fraud governance.

**Senior Security and Fraud Executive – Vanguard**

For 12 years, Jeff led Global Security and Fraud Operations for the world's largest investment management company, with responsibility for the protection of its personnel, assets, reputation, and client assets of $5.1 trillion.  Jeff specialized in internal/external fraud, information security, and physical security risk assessments; fraud and cybercrime prevention, detection, and response; workplace threat assessment and response; travel risk management; and executive protection.  He also led crisis management planning and response and related strategic planning, policy development and implementation, as well as fraud and security training and awareness programs across 15 offices operating in 80 countries worldwide.

**Senior Executive – Federal Bureau of Investigation**

Jeff enjoyed a 25-year FBI career, retiring as the senior executive in charge of the Philadelphia Division of the FBI, its sixth largest field office.  There he led Counter Terrorism, Counter Intelligence, Cyber Security, Public Corruption, Criminal Enterprise, Financial Crimes, Major Corporate Fraud, and Violent Crime investigations as well as physical and information security initiatives.  Throughout his FBI career he held several positions including Special Agent in Charge of the Louisville Division, FBI and Finance Division Assistant Director and CFO, Inspector-In-Charge of the 1996-1999 Campaign Finance Task Force, and others through assignments in Boston, Washington, Norfolk, New Orleans, Louisville, Philadelphia, and elsewhere.  As an FBI executive, he also helped develop police training standards as a gubernatorial appointee to both the Kentucky Law Enforcement Council and the Pennsylvania Municipal Police Officers Education & Training Commission.

As an investigator Jeff specialized in white-collar crime investigations, recording a multitude of convictions in the areas of financial institution fraud, bankruptcy fraud, bribery and corruption, economic extortion, false claims, mail and wire fraud, money laundering, and computer fraud and abuse.  Before joining the FBI, Jeff led criminal tax evasion and tax-money laundering investigations as an IRS Criminal Division special agent, and enjoyed audit practice experience with KPMG.

**Education and Certifications**

Jeff is a former Certified Public Accountant, Certified Information Systems Security Professional, and a current Certified Fraud Examiner.  He earned his undergraduate degrees from Bryant University and attended Saint Joseph's University's Haub Business School as part of its MS in Financial Services program. As an FBI executive, he also earned graduate level certificates from the Kellogg School of Management and the Police Scotland College, Kincardine Fife, Scotland.

**EXHIBIT B**

1.  2021 Ingomar Fiduciary Services, Inc. Form 1120 U.S. Corporation Income Tax Return and associated schedules

2.  2021 Ingomar Fiduciary Services, Inc., Profit & Loss Statement; Profit & Loss Detail; General Ledger, Balance Sheet, and Balance Sheet Detail as of December 31, 2021

3.  2022 Ingomar Fiduciary Services, Inc., Form 1120 U.S. Corporation Income Tax Return and associated schedules

4.  2022 Form 1040 U.S. Individual Income Tax Return of Jonathon R. and Mahtaub L. Moore and associated schedules

5.  2021 Form 1040 U.S. Individual Income Tax Return of Jonathon R. and Mahtaub L. Moore and associated schedules

6.  2022 Delaware Division of Revenue Form PIT-RES Individual Resident Income Tax Return with associated schedules

7.  2021 Delaware Division of Revenue Form PIT-RES Individual Resident Income Tax Return with associated schedules

8.  Certificate of Incorporation of Ingomar Fiduciary Services, Inc., filed 03/30/2000; various certificates of change in registered agent

9.  State of Delaware Annual Franchise Tax Reports of IFS 2001-2019

10. Jonathon R. Moore Counteroffer Term Sheet dated 230825

11. JRM/2022 reimbursable medical expenses-IFS

12. Reconciliation of Medical and Dental Expenses, dated September 7, 2023

**EXHIBIT C**

**RECONCILIATION OF MEDICAL AND DENTAL EXPENSES 2022**

| Date | Provider | Charge | Charge Non-Qualifying (a) | Charge Non-Dependent | Ins. Reim. | Net Due | Commments |
|------|----------|--------|---------------------------|----------------------|------------|---------|-----------|
| 4/16/22 | Walgreens | $12.88 | | | | $12.88 | |
| 7/29/22 | Walgreens | $40.78 | | | | $40.78 | |
| 8/14/22 | Walgreens | $37.85 | | | | $37.85 | |
| 10/13/22 | Walgreens | $12.49 | | | | $12.49 | |
| 10/26/22 | Walgreens | $9.09 | | | | $9.09 | |
| 9/23/22 | Walgreens | $311.90 | | | | $311.90 | |
| 10/27/22 | Walgreens | $424.99 | | | | $424.99 | |
| 11/8/22 | Walgreens | $65.09 | | | | $65.09 | |
| 11/27/22 | Walgreens | $34.90 | | | | $34.90 | |
| 12/12/22 | Walgreens | $30.00 | | | | $30.00 | |
| 12/16/22 | Walgreens | $23.19 | | | | $23.19 | |
| 7/24/22 | CVS | $2.62 | | | | $2.62 | |
| 1/24/22 | Rothman Institute | $90.00 | | | | $90.00 | |
| 4/12/22 | 16 PT Sessions @ $17 | $272.00 | | | | $272.00 | |
| 3/16/22 | Joseph Danyo, MD | | $686.00 | | | $686.00 | Cosmetic surgery |
| 9/20/22 | Joseph Danyo, MD | | $535.00 | | | $535.00 | Cosmetic surgery |
| 12/2/22 | Joseph Danyo, MD | | $1,500.00 | | | $1,500.00 | Cosmetic surgery |
| 1/15/22 | DE IMANGING | $125.00 | | | | $125.00 | |
| 4/5/22 | Alfieri Cardiology | $50.00 | | | | $50.00 | |
| 4/13/22 | Alfieri Cardiology | $90.00 | | | | $90.00 | |
| 6/7/22 | Alfieri Cardiology | $90.00 | | | | $90.00 | |
| 6/14/22 | Alfieri Cardiology | $35.00 | | | | $35.00 | |
| 7/29/22 | Alfieri Cardiology | $25.00 | | | | $25.00 | |
| 8/30/22 | Alfieri Cardiology | $25.00 | | | | $25.00 | |
| 8/12/22 | Alfieri Cardiology | $35.00 | | | | $35.00 | |
| 8/29/22 | Alfieri Cardiology | $19.53 | | | | $19.53 | |
| 9/23/22 | Alfieri Cardiology | $19.53 | | | | $19.53 | |
| 10/21/22 | LACOMS | | | $350.00 | | $350.00 | Los Angeles Center for Oral and Maxillofacial Surgery - Lucy |
| 6/8/22 | Charles Wang MD | $109.18 | | | | $109.18 | |
| 3/13/22 | Labcorp | $152.00 | | | | $152.00 | |
| 4/7/22 | Labcorp | $45.50 | | | | $45.50 | |
| 11/20/22 | Exodus Wellness | | | $165.00 | | $165.00 | Portland OR Medical or Recreational Marijuana |
| 12/7/22 | Exodus Wellness | | | $18.00 | | $18.00 | Portland OR Medical or Recreational Marijuana |
| 11/20/22 | Trinity Health | $284.00 | | | | $284.00 | |
| 12/20/22 | Trinity Health | $106.00 | | | | $106.00 | |
| 4/17/22 | Ellen Wolf CS | $350.00 | | | | $350.00 | |
| 9/10/22 | Ellen Wolf CS | $450.00 | | | | $450.00 | |
| 6/8/22 | Margie Trans | | | $351.00 | | $351.00 | Transportation for M. Moore mother |
| 5/4/22 | Dr. Smith | $130.21 | | | | $130.21 | |
| 7/19/22 | Dr. Smith | $350.00 | | | | $350.00 | |
| 7/29/22 | Dr. Smith | $361.50 | | | | $361.50 | |
| 8/3/22 | Dr. Smith | $116.04 | | | | $116.04 | |
| 8/11/22 | Dr. Smith | $18.40 | | | | $18.40 | |
| 9/23/22 | Dr. Smith | $18.40 | | | | $18.40 | |
| 9/26/22 | Dr. Smith | $222.46 | | | | $222.46 | |
| 9/28/22 | Dr. Smith | $12.94 | | | | $12.94 | |
| 10/10/22 | Dr. Smith | $12.94 | | | | $12.94 | |
| 11/23/22 | Dr. Smith | $111.23 | | | | $111.23 | |
| 11/23/22 | Dr. Smith | $28.54 | | | | $28.54 | |
| 11/23/22 | Dr. Smith | $385.36 | | | | $385.36 | |
| 11/23/22 | Dr. Smith | $205.00 | | | | $205.00 | |
| 12/29/22 | Dr. Smith | $140.00 | | | | $140.00 | |
| 11/4/22 | Dr. Fudemberg | $38.94 | | | | $38.94 | |
| 12/9/22 | Dr. Fudemberg | $38.92 | | | | $38.92 | |
| 9/7/22 | Dr. Ferrari | | | $3,250.00 | | $3,250.00 | Lucy |
| 10/12/22 | Dr. Ferrari | | | $813.00 | | $813.00 | Lucy |
| 2/5/22 | Heritage Medical | $60.00 | | | | $60.00 | |
| 5/26/22 | Heritage Medical | $90.00 | | | | $90.00 | |
| 8/16/22 | Heritage Medical | $15.81 | | | | $15.81 | |

| Date | Provider | Amount 1 | Amount 2 | Amount 3 | Amount 4 | Note |
|---|---|---|---|---|---|---|
| 9/6/22 | Heritage Medical | $63.03 | | | $63.03 | |
| 10/26/22 | Heritage Medical | $47.22 | | | $47.22 | |
| 11/15/22 | Brandywine Imaging | $125.00 | | | $125.00 | |
| 2/17/22 | Dr. Lyons | $151.00 | | | $151.00 | |
| 4/19/22 | Dr. Lyons | $188.00 | | | $188.00 | |
| 5/2/22 | Dr. Lyons | $498.00 | | | $498.00 | |
| 5/19/22 | Dr. Lyons | $456.00 | | | $456.00 | |
| 5/19/22 | Dr. Lyons | $360.00 | | | $360.00 | |
| 9/13/22 | Dr. Lyons | $350.00 | | | $350.00 | |
| 12/13/22 | Dr. Lyons | $215.00 | | | $215.00 | |
| 12/23/22 | Dr. Lyons | $251.00 | | | $251.00 | |
| 12/3/22 | Actitech | | $44.76 | | $44.76 | Personal care products |
| 9/10/22 | SF Dentist Periodontist | | | $2,240.00 | $2,240.00 | Lucy |
| 9/15/22 | Dr. Movehed | | | $275.00 | $275.00 | Lucy |
| 11/19/22 | Geroge Jaber DDS | | | $5,229.00 | $5,229.00 | Lucy |
| 11/18/22 | Pasquinello, Ortho | | | $4,150.00 | $4,150.00 | Lucy |
| 12/18/22 | Pasquinello, Ortho | | | $1,384.00 | $1,384.00 | Lucy |
| 7/1-12-31/22 | Dr. Walt Cierko 10 Sessions @$150 | | $1,500.00 | | $1,500.00 | Marriage counseling |
| 12/6/22 | Sierra Tucson | | | $36,000.00 | $36,000.00 | Lucy |
| 10/26/22 | RX Dental | | | $126.90 | $126.90 | Lucy |
| Totals | | $8,439.46 | $4,265.76 | $54,351.90 | $67,057.12 | (b) |

Total Non-Qualifying Medical $4,265.76
Grand Total Non-qualifying Medical and Non-Dependent $58,617.66

Notes:
(a) Identified as associated with Lucy by M. Moore or through internet research
(b) Differs from JRM report by $9.98

Date: 09/07/2023 JAL

# EXHIBIT B



**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| Receipt Number | Case Type |
|---|---|
| SRC2404150277 | I129 - PETITION FOR A NONIMMIGRANT WORKER |

| Received Date | Priority Date | Petitioner |
|---|---|---|
| 11/13/2023 | | DAIKI INC |

| Notice Date | Page | Beneficiary |
|---|---|---|
| 11/15/2023 | 1 of 2 | KOP, MAURITS HARALD |

DAIKI INC
c/o JONA BOEDDINGHUS
1 WOOD ROAD
WILMINGTON DE  19806

**Notice Type:** Premium Processing
Receipt Notice
Amount received: $2960.00 U.S.
Class requested: O1A
ETA Case Number: N/A

We have mailed an official notice about this case (and any relevant documentation) according to the mailing preferences you chose on Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative. This is a courtesy copy, not the official notice.

**What the Official Notice Said**

Thank you for choosing to use the U.S. Citizenship and Immigration Services' Premium Processing service. We have received the application or petition ("your case") listed above and accepted it as a Premium Processing case. You should receive a notice regarding your case within 15 calendar days from the date shown as the "Received Date" above. If we need to contact you regarding your case, we may do so by mail, telephone, facsimile, or e-mail using the information you provided.

If you need to contact us regarding your Premium Processing case, you can do so using the information immediately below. The mailing address, e-mail address, and phone number listed below are for use in relation to Premium Processing Program cases only. You can obtain case status information from our automated system 24 hours a day with a touch-tone phone and the receipt number for this case shown above by calling the phone number listed below.

Texas Service Center (TSC) Premium Processing:

| | |
|---|---|
| I-129 PP Routine Mail: | I-129 Premium Processing, USCIS, Texas Service Center<br>6046 N Belt Line Rd., STE 907, Irving, TX 75038-0022 |
| I-129 PP Courier address: | I-129 Premium Processing, USCIS, Texas Service Center<br>6046 N Belt Line Rd., Irving, TX 75038-0001 |
| I-129 PP Fax: | 972-413-3160 |
| I-129 PP Phone: | 1-866-315-5718 |
| Email address: | tscpremiumi129l@uscis.dhs.gov |

This notice shows that your case was filed on the "Received Date" listed above. It does NOT grant the beneficiary any immigration status, and it is not evidence that your case is still pending. We will notify you in writing when we make a decision on your case or if we need additional information.

Work authorization will only continue while this application or petition remains pending if expressly provided by statute or regulation and subject to any limitations prescribed therein.

Please save this and any other notices about your case for your records. You should also keep copies of anything you send us, as well as proof of delivery. Have these records available if you contact us about your case.

**If your address changes** - If you move while your case is pending, please visit www.uscis.gov/addresschange for information on how to update your address. Remember to update your address for all your receipt numbers.

Number of workers: 1

| Name | DOB | COB | | Class | Consulate/POE | OCC |
|---|---|---|---|---|---|---|
| KOP, MAURITS HARALD | ▮▮▮▮▮ | NETHERLANDS | | O1A | | |

Please see the additional information on the back. You will be notified separately about any other cases you filed.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

Texas Service Center
U.S. CITIZENSHIP & IMMIGRATION SVC
6046 N Belt Line Rd., STE 110
Irving TX  75038-0012

USCIS Contact Center: www.uscis.gov/contactcenter



If this is an interview or biometrics appointment notice, please see the back of this notice for important information.

Form I-797C  10/13/21

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# Form I-797C, Notice of Action

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.



| Receipt Number | | Case Type | |
|---|---|---|---|
| SRC2404150277 | | I129 - PETITION FOR A NONIMMIGRANT WORKER | |
| Received Date | Priority Date | Petitioner | |
| 11/13/2023 | | DAIKI INC | |
| Notice Date | Page | Beneficiary | |
| 11/15/2023 | 2 of 2 | KOP, MAURITS HARALD | |

**Return of Original Documents** - Use Form G-884, Request for the Return of Original Documents, to request the return of original documents submitted to establish eligibility for an immigration or citizenship benefit. You only need to submit one Form G-884 if you are requesting multiple documents contained in a single USCIS file. However, if the requested documentation is in more than one USCIS file, you must submit a separate request for each file. (For example: if you wish to obtain your mother's birth certificate and your parents' marriage certificate, both of which are in the USCIS file that pertains to her, submit one Form G-884 with your mother's information.)

**NOTICE:** Under the Immigration and Nationality Act (INA), the information you provide on and in support of applications and petitions is submitted under the penalty of perjury. USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet, or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

Texas Service Center
U.S. CITIZENSHIP & IMMIGRATION SVC
6046 N Belt Line Rd., STE 110
Irving TX  75038-0012



USCIS Contact Center: www.uscis.gov/contactcenter

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.          Form I-797C  10/13/21

# EXHIBIT C

ⓘ Changes to our website — to find out why access to some data now requires a login, click here

# open**corporates**

The Open Database Of The Corporate World

[ Company name or number ]   **SEARCH**

○ Companies  ○ Officers

My Account :: Logout

## DAIKI, INC.

| | |
|---|---|
| Company Number | 7640481 |
| Incorporation Date | 24 August 2023 (4 months ago) |
| Company Type | Domestic Corporation |
| Jurisdiction | Delaware (US) |
| Registered Address | New Castle, DE |
| | United States |
| Agent Name | INGOMAR FIDUCIARY SERVICES, INC |
| Agent Address | 1 WOOD ROAD - WILMINGTON DE 19806 |
| Directors / Officers | INGOMAR FIDUCIARY SERVICES, INC, agent |
| Registry Page | https://icis.corp.delaware.gov/Ecorp/... |

**Source** Delaware Department of State: Division of Corporations,
http://www.corp.delaware.gov/, 19 Sep 2023

### Latest Events

No events generated yet for this company

### Corporate Grouping  USER CONTRIBUTED

None known. Add one now?

See all corporate groupings

### Similarly named companies

🇺🇸 **DAIKI BISTRO INC.**  (New York (US), 9 Apr 2012- )

🇺🇸 **DAIKI USA INC.**  (California (US), 27 Sep 2007- )

🇺🇸 **DAIKI PA INC**  (Pennsylvania (US), 31 Oct 2013- )

🇺🇸 Inactive DAIKI FUTURES, INC.  (New York (US), 5 Oct 1995-27 Jul 2011)

🇺🇸 **DAIKI INTERNATIONAL TRADING INC.**  (Pennsylvania (US), 13 Aug 2004- )

🇺🇸 Inactive DAIKI ADVISORS INC.  (Panama, 12 Oct 2012- )

🇺🇸 Inactive DAIKI ENTERPRISES, INC.  (Florida (US), 25 Jan 2010- )

🇺🇸 Inactive DAIKI RESTAURANT, INC.  (California (US), 4 Jun 1996-25 Nov 2002)

🇺🇸 Inactive DAIKI SOUND INTERNATIONAL, INC.  (California (US), 25 Jan 2006-31 May 2007)

\* While we strive to keep this information correct and up-to-date, it is not the primary source, and the company registry (see source, above) should always be referred to for definitive information

Data on this page last changed September 22 2023

⚠ **Problem/question about this data? Click here**

API **OPEN DATA**
You'll need an API key to download as JSON, XML or RDF . Click HERE to find out more.

# open**corporates**

A very different type of data company

FIND OUT MORE

| About us | Using our data | Help | Contact | Impact |
|---|---|---|---|---|
| About | Our data | API Reference | Twitter | Impact |
| Blog | Our purpose | Glossary | Medium | Grants |
| Team | Legal/Licence | Status | Newsletter | |
| Governance | User/Cookie privacy policy | | Problems with our data? | |
| Jobs | Public records privacy policy | | Temporary redaction | |