IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**MAHTAUB MOORE,**

    *Plaintiff,*

v.

**CURTIS MELVIN, an individual,
JONATHON R. MOORE, an individual,
LUCIA M. MOORE, an individual, JOHN
AND JANE DOES 1-10, individuals and
Corporations.**

    *Defendants.*

C.A. No: 1:23-cv-00988 (GBW)



## PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PROTECTIVE ORDER

Plaintiff Mahtaub Moore respectfully moves his Court for entry of a temporary Restraining order and a preliminary injunction enjoining and restraining Defendant's from transferring funds and assets from real estate, trusts, bank accounts, all accounts currently at PNC Bank, Wells Fargo, Vanguard, Chartwell, investment accounts, distributing and hiding assets to third-party IOLTA accounts, other third-parties, domestic and international corporations and to overseas banking and trust accounts. Plaintiff also respectfully

requests Defendant's and their associations with multiple corporations are hereby prohibited from distributing and filing fraudulent W-2's, wage reports, and other tax avoidance schemes to the Department of Treasury and the Internal Revenue Service as set forth in Plaintiff' original Complaint.

    A temporary restraining order and preliminary injunction are necessary because

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MAHLAUB MOORE,

*Plaintiff,*

v.

C.A. No. 1:23-cv-00988 (GBW)

CURTIS MELVIN, an individual,
JONATHON R. MOORE, an individual,
LAURA M. MOORE, an individual JOHN
AND JANE DOES 1-10, individuals and
Corporations.

*Defendants.*

**PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PROTECTIVE ORDER**

Plaintiff Mahlaub Moore respectfully moves his Court for entry of a temporary Restraining order and a preliminary injunction enjoining and restraining Defendant's from transferring funds and assets from real estate, trusts, bank accounts, all accounts currently at PNC Bank, Wells Fargo, Vanguard, Charwell, investment accounts, distributing and hiding assets to third-party IOLTA accounts, other third-parties, domestic and international corporations and to overseas banking and trust accounts. Plaintiff also respectfully requests Defendant's and their associations with multiple corporations are hereby prohibited from distributing and filing fraudulent W-2's, wage reports, and other tax avoidance schemes to the Department of Treasury and the Internal Revenue Service as set forth in Plaintiff original Complaint.

A temporary restraining order and preliminary injunction are necessary because

Defendants have engaged in the obfuscation of assets, continued to use Plaintiff for tax avoidance and money laundering schemes as recent as February 2024. In addition, Defendants have deliberately neglected real estate assets which Plaintiff would be entitled to. Provisional relief is warranted here because Plaintiff is likely to success on the merits of its claim and Defendant's deliberate actions and dissipation and hiding of assets will irreparably harm Plaintiff in the absence of such relief.

In addition, Plaintiff respectfully moves this Court for specific, limited and expedited appointment as Agent to the properties claimed in Complaint including 134 Three Mile Harbor Road, East Hampton, NY 11937 under the Moore Family Trust, and 1 Wood Road, Wilmington, DE 19806 under the One Wood Revocable Trust to protect the negligence and abandonment specifically of the New York property as one or more Defendant's upon Plaintiff's recent knowledge have fled the United States. Defendant's would not be prejudiced if this Court appoints Plaintiff as agent to the properties and prohibits the dissipation of assets or enjoins Defendant's from filing documents to the Internal Revenue Service which would harm Plaintiff irreparably.

Accordingly, Plaintiff respectfully requests the following:

1) Defendants' trust accounts, corporate accounts, personal accounts, investment accounts, retirement accounts, IOLTA accounts, and other real estate holdings domestic and international be prohibited from transfer to offshore accounts and other shell corporations

2) All records relating to the above be held with a Court-appointed receiver or Agent appointed by this Court.

3) This Court appointments Plaintiff as acting Agent for the two properties to assess damage and neglect including the right to enter and right to repair which may be filed with City of

Wilmington and East Hampton, NY.

          Mahtaub Moore
          */s/ Mahtaub Moore*
          *Plaintiff, Pro Se*
          1 Wood Road
          Wilmington, DE 19806
          M22strategies@gmail.com
          (703) 946-3704

Dated: March 11, 2024