IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**MAHTAUB MOORE,**

*Plaintiff,*

C.A. No: 1:23-cv-00988 (GBW)

v.

**CURTIS MELVIN, an individual,
JONATHON R. MOORE, an individual,
LUCIA M. MOORE, an individual, JOHN
AND JANE DOES 1-10, Individuals and
Corporations.**

*Defendants.*

## PLAINTIFF'S ANSWER AND OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

Dated: March 26, 2024

/s/ Mahtaub Moore

Mahtaub Moore, Plaintiff, Pro Se
1 Wood Road
Wilmington, DE 19806
703-946-3704

1

# TABLE OF AUTHORITIES

**Cases**

*A.I. Credit*, 847 F. Supp. At 604

*Ashland Oil, Inc v. Arnett*, 875 F.2d 1271, 1279 (7th Cir. 1989)

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)

*Dynabest Inc., v. Yau*, 760 F. Supp. 704, 710-11 (N. D. Ill. 1991)

*Pinker v. Roche Holdings, Ltd.*, *Shamrock Holdings of California, Inc. v. Arensonvbcv*, 421 F. Supp. 2d 202 800, 803, (D. Del. 2006).

*Hart Holding Co., Inc. v. Drexel Burnham Lambert, Inc.*, 593 A.2d 535, 538 (Del. Ch. 1991)

*Hercules Inc. v. Leu Trust and Banking (Bahamas) Ltd.*, 611 A.2d 476, 480-81 (Del. 1992)

*H. J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229 (1989)

*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)

*In re ClassicStar Mare Lease Litigation*, 823 F. Supp.2d 599 (E.D. Ky. 20110

*In re Fruehauf Trailer Corp.*, 250 B.R. 168, 183 (D. Del 2000)

*Sears, Roebuck & Co v. Sears* plc, 744 F. Supp. 1297, 1301 (D. Del. 1990)

*Ruggiero v FuturaGene*, plc. 948 A2d. 1124, 1131 9 (Del. Ch. 2008)

*Sample v. Morgan*, 935 A.2d 1046, 1056 (Del. Ch. 2007)

*Sample*, 935 A. 2d at 1056

*Shaffer v. Heitner*, 433 U.S. 186, 218 (1977)

**Rules**

18 U.S.C. 1961(4)

## **PRELIMINARY STATEMENT**

Defendants filed a motion to dismiss this action contending that they do not have any contacts with Delaware such that they could have reasonably anticipated being subject to suit in Delaware. Defendants are not being sued in connection with professional services either. They seek to dismiss this action also by alleging failure to state a claim.

Plaintiff has been harmed by Defendants' conspiracy and enterprise to continue tax avoidance schemes, money launder, threaten and harass. To complete this objective, Defendants used Plaintiff achieve their financial enrichment and destroy Plaintiff's rightful financial ownership for non-compliance of their illicit behavior.

In addition to acting through Delaware, Defendants owned, operated and were the reaped the financial benefit of organizing corporate entities, LLC's, and bank accounts in the State of Delaware. Defendants' majority banking transactions including communications on wire transfers, deposits, and organizing structures through the state corporation commission all transacted from the State of Delaware. Defendant Jonathon Moore has spent seven years including all times relevant in this complaint almost 100% of the time in Delaware until his fleeing the state. Defendants Melvin and Lucia Moore, John Does 1-10 have been physically present in the State of Delaware, communicated threats to Plaintiff while in the State of Delaware, and those electronic communications were all received by Plaintiff in the State of Delaware. It is settled law that a plaintiff need not plead jurisdictional allegation in a complaint and a court cannot grant a Rule 12(b)(2) motion to dismiss based solely on the allegation in a complaint. The undisputable facts also establish jurisdiction is proper under Delaware's Long Arm Statute and under the Due Process Clause of the Fourteenth Amendment (i.e., based on their

contacts with Delaware, Defendants should have reasonably foreseen subject to this lawsuit in Delaware).

This case also involves the exact type of conduct-an organized and orchestrated scheme by sophisticated players to defraud, induce, and harm Plaintiff for their financial enrichment and continue their illicit if not illegal tax avoidance and corporate layering-precisely that RICO seeks to prevent. Defendants were an integral part of a conspiracy that knew would not withstand IRS, DOJ, or banking rules scrutiny.

## ARGUMENT

### 1. THIS COURT MAY PROPERLY EXERCISE PERSONAL JURISDICTION OVER DEFENDANTS.

#### A. Personal Jurisdiction Standard of Review

In reviewing a motion to dismiss, the Court must accept as true all allegations of jurisdictional fact made by the plaintiff and all factual inferences must be viewed in the light most favorable to the plaintiff. *See Pinker v. Roche Holdings, Ltd., Shamrock Holdings of California, Inc. v. Arensonvbcv*, 421 F. Supp. 2d 202 800, 803, (D. Del. 2006). The Court "cannot grant a motion under Rule 12(b)(2) simply by accepting the well-pleaded allegations of the complaint as true, because the pleader has no obligation to plead facts that show the amenability of the defendant to service of process." *Ruggiero v FuturaGene*, plc. 948 A2d. 1124, 1131 9 (Del. Ch. 2008). Thus, the Court may consider sworn affidavits or other competent evidence relation to the issue of personal jurisdiction. *In re Fruehauf Trailer Corp.*, 250 B.R. 168, 183 (D. Del 2000). Where, as here, personal jurisdiction is contested prior to discovery, the plaintiff need only establish a *prima facie* showing that jurisdiction exists with the record viewed in the light most favorable to the plaintiff. *See Sears, Roebuck & Co v. Sears* plc, 744 F. Supp.

1297, 1301 (D. Del. 1990).

### B. It Is Undisputed That Jurisdiction Over Defendants is Proper Under Delaware's Long Arm Statute

Delaware's Long Arm Statute, 10 Del. C. 3104(c), is to be broadly construed to confer jurisdiction to the maximum extent under the Due Process Clause." See *Hercules Inc. v. Leu Trust and Banking (Bahamas) Ltd.*, 611 A.2d 476, 480-81 (Del. 1992); see also *Sample v. Morgan,* 935 A.2d 1046, 1056 (Del. Ch. 2007). ("The Delaware Supreme Court has made clear that the trial courts must give a broad reading to the terms of the long-arm statute, in order to effectuate the statute's intent to ensure that this state's courts may exercise jurisdiction to the full limits permissible under the Due Process Clause."). Meaning, "trial courts should permit service under [Section] 1304 if the statutory language plausibly permits service, and rely upon a Due Process analysis to screen out uses of the statute that sweep too broadly." *See Sample*, 935 A. 2d at 1056.

### C. This Court's Assertion Of Personal Jurisdiction Over Defendants Comports With Due Process

The second due process step in the Court's personal jurisdiction analysis is a "simple one," *Sample*, 935 A.2d at 1062, requiring that before subjecting a defendant to personal jurisdiction, the defendant must "have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Defendants need not physically enter the forum state to satisfy the "so-called" minimum contacts test. *See Sample*, 935 a. 2d at 1063. However, here Defendants long ties to the State of Delaware including physical presence, transactional business, communication, and visits more than satisfy and goes beyond merely a minimum contact test. Further, this test only requires that the defendants have fair warning that a particular activity may subject him to the jurisdiction in a given forum. *See*

5

*Shaffer v. Heitner*, 433 U.S. 186, 218 (1977). Fair warning is satisfied when the defendants purposefully have directed their activity to residents of the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

### 1. Defendants Directed Their Actions At Delaware, And This Lawsuit Arises Out of Activities in Delaware

As an initial matter, it is settled law that Plaintiff was not obligated to plead facts in Complaint showing the amenability of Defendants to service of process and jurisdiction in Delaware. *See Hart Holding Co., Inc. v. Drexel Burnham Lambert, Inc.*, 593 A.2d 535, 538 (Del. Ch. 1991). Plaintiff's Complaint and facts demonstrate that constitutional due process is easily satisfied. Based on the contacts in and with Delaware, Defendants have reasonably foreseen being subject to this lawsuit.

### 2. Case Law Further Supports That Subjecting Defendants to Jurisdiction in Delaware is Proper

Factually and legally with Plaintiff's Complaint, the Superior Court held that subjecting a nonresident defendant to jurisdiction in Delaware satisfied Delaware's Long Arm Statute and the Due Process Clause of the Fourteenth Amendment. In Republic, the plaintiff brought suit against the defendant, a Canadian corporation, who had a guaranteed note of its wholly-owned subsidiary, a Delaware corporation. 1999 WL 464521, at *1. The Superior court also held that the defendants' "actions, in guaranteeing the obligations of a Delaware corporation [entity], in the absence of a mandatory forum selection clause, create[d] specific jurisdiction under Delaware's long-arm statute for actions arising under the Notes and Guaranty." Id. At *2-3. Defendants' connections to the State of Delaware are hardly random and occasional

### 3. The RICO Counts Allege An Enterprise Through a Pattern of Racketeering

A. The RICO counts arise out of a conspiracy perpetrated by Defendants in conspiring to

use Plaintiff for the purposes of tax avoidance, circumventing federal rules of banking and fraud. These involved as alleged in the Complaint Defendants' conspiring and devising sophisticated transactions, corporate layering, tax avoidance, foreign beneficial owners outside of banking rules of compliance and threats of blackmail and extortion for Plaintiff's non-compliance. The Complaint property pleads RICO violations of by identifying (1) the conduct of the (2) Defendants' association-in-fact enterprise through (3) a pattern of racketeering activities all of which were intended to defraud Plaintiff.

### B. There is A Pattern of Racketeering Activity

The "pattern" element of a RICO claims requires that a plaintiff allege that a defendant commit at least two predicate acts of racketeering activity within a ten year period. See U.S.C. 1961(5). This Complaint meets the initial threshold by identifying a multitude of foreign and interstate mail, IRS, bank fraud activities within the last ten years. (See Complaint paragraph 15-22). As explained by the Supreme Court in *H. J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229 (1989), to prove a pattern of racketeering activity for a RICO claim, a plaintiff "must [also] show that the racketeering predicates are related, and that they amount to or pose a threat of continual criminal activity." (known as the continuity plus relationship" test). Id. At 239 The Complaint meets this additional burden of pleading a pattern of racketeering.

### 4. Number and Variety of Predicate Acts

Without having the opportunity to take a single deposition or have discovery in this matter, Plaintiff has pled the facts as specifically as possible with the evidence available including preliminary forensic accounting reports. As pled, the Complaint sufficiently states a variety of predicate acts related to Defendants schemes and threats to defraud, induce, and intimidate which include the various acts as pled in the original Complaint and include:

### 5. Multiple Schemes

A RICO claim is proper even if it might encompass multiple predicate acts within a single scheme. Plaintiff has alleged multiple acts within a simple scheme to defraud and intimidate and discovery will reveal that this was part of a common scheme and conspiracy of an enterprise by Defendants. Following the Supreme Court's decision in H.J. Inc, courts in this District and other jurisdiction have held that a single scheme to defraud with multiple predicate acts can be sufficient to create a pattern of racketeering. *See e.g. A.I. Credit*, 847 F. Supp. At 604; *In re ClassicStar Mare Lease Litigation*, 823 F. Supp.2d 599 (E.D. Ky. 20110; *Ashland Oil, Inc v. Arnett,* 875 F.2d 1271, 1279 (7th Cir. 1989). At this stage of the proceedings, it would be improper to dismiss the Complaint for failing to state a claim as Plaintiff has alleged more than one scheme and discovery will without a doubt reveal more schemes and evidence of RICO violations.

### 6. Distinct Injury Due to Defendants' Conspiracy Enterprise

The Complaint alleges multiple economic and emotional injuries including issues with the Internal Revenue Service. Defendants fraudulently used Plaintiff with a unique economic consequence to follow. Plaintiff suffered additional economic injury due to the IRS tax avoidance schemes conspired by Defendants, banking violations, and economic injury due to their threats toward Plaintiff after discovery of Defendants actions and direct threats. *See Dynabest Inc., v. Yau,* 760 F. Supp. 704, 710-11 (N. D. Ill. 1991). In addition, an "enterprise" under RICO includes "any individual partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. 1961(4). An association-in-fact enterprise:

is simply a continuing unit that functions with a common purpose. Such a group need not have a hierarchical structure or a "chain of command," decisions may be made on an ad hoc basis and by any number of methods…Members of the group need not have fixed roles; different members may perform different roles at different times…While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, nothing in RICO exempts an enterprise whose associates engage in spurts of activity punctuated by periods of quiescence.

The Complaint pleads a common purpose of the enterprise: to develop, market, promote, and implement a schemes, with the goal that it would allow tax avoidance structures to be implemented, using organizations created by Defendants to launder funds and conceal the beneficial owners, and use Plaintiff unknowingly for those schemes. Second, the Complaint establishes a relationship among Defendants in furtherance of the enterprise, by alleging that each defendant had its own role and objectives in accomplishing the common purpose.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Motion to Dismiss of Defendants should be denied.

Dated: March 26, 2024

By: /s/ Mahtaub Moore
Plaintiff, *Pro Se*
1 Wood Road
Wilmington, DE 19806
M22strategies@gmail.com
703-946-3704

10