IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAHTAUB MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-988-GBW |
| ) | |
| JONATHON MOORE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

At Wilmington, this 20th day of August 2025, having reviewed and considered Plaintiff's Mahtaub Moore's *pro se* motion for mediation (D.I. 34), Defendant Jonathon Moore's motion to dismiss amended complaint for failure to state a claim (D.I. 35), and Plaintiff's *pro se* notice of false statement, motion for sanctions, and referral for perjury (D.I. 42);

WHEREAS Plaintiff's original *pro se* pleading alluded to fraud by Defendant, but included deficient factual allegations, so this Court granted Plaintiff leave to amend the complaint to state a civil fraud claim against Defendant upon which relief may be granted (*see* D.I. 29; D.I. 30);

WHEREAS this Court advised Plaintiff to include specific information regarding harm or loss in an amended complaint, such as "an explanation of how Plaintiff's personal tax filings were affected by [Defendant's] company's [alleged]

fraudulent tax filings" or "any other harm to Plaintiff caused by" Defendant's alleged fraud scheme (D.I. 29 at 10);

WHEREAS, instead, the amended complaint, like the original pleading, merely restates Plaintiff's loss of marital assets (*see* D.I. 31 at 5), described as Plaintiff's "right to inheritance and funds[,] including the majority interest in accounts and real estate property total[ing] approximately $5,000,000" (*id.* at 12);

WHEREAS Defendant rightly asserts, and Plaintiff does not dispute that:

> the only specific harm Plaintiff alleges derives from Mr. Moore's conduct in 'revoking Plaintiff's right to inheritance and funds including the majority interest in accounts and real estate property [totaling] approximately $5,000,000.' Plaintiff's purported 'right to inheritance and funds,' arose out of the parties' marriage as memorialized in a Pre-Marital Agreement. Although a final decree of divorce has been entered, all issues regarding Plaintiff's right to marital property remain under the purview of the Family Court.

(D.I. 40 at 4-5; *see also* D.I. 31 at 27-28 (prayer for relief seeking $5,000,000));

WHEREAS this Court construes the foregoing as Defendant asserting *res judicata* as an affirmative defense, pursuant to Federal Rule of Civil Procedure 8(c)(1);

WHEREAS, *res judicata*, or claim preclusion, applies both to claims that were brought, and to claims that could have been brought in a prior action, *see Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981), where "a final judgment on the merits" was issued, involving "the same parties or their privies,"

and there is "a subsequent suit based on the same cause of action," *Duhaney v. Attorney Gen.*, 621 F.3d 340, 347 (3d Cir. 2010) (internal quotation marks omitted); and

WHEREAS if Plaintiff and Defendant have a final divorce decree, which decided the matter of the alleged $5,000,000 right to inheritance and funds, party disputes regarding such should have been taken up with the Family Court and, potentially, still can be taken up with the Family Court;

THEREFORE, IT IS HEREBY ORDERED:

1. Defendant Jonathon Moore's motion to dismiss the amended complaint for failure to state a claim (D.I. 35) is **GRANTED**;

2. Plaintiff Mahtaub Moore's amended complaint (D.I. 31) is **DISMISSED** on the basis of *res judicata* or claim preclusion;

3. Plaintiff's motion for mediation (D.I. 34) is **DENIED** as moot;

4. Plaintiff's notice of false statement, motion for sanctions, and referral for perjury (D.I. 42)—premised merely on defense counsel asserting that the amended complaint falsely accuses Defendant Jonathon Moore of fraud—is **DENIED** for lack of cause shown; and

5.  The Clerk of Court is directed to **CLOSE** this case.

_____
The Honorable Gregory B. Williams
United States District Judge